<div align="right">NEW YORK,<br>October, 1816.<br>SICKLES<br>v.<br>SHARP.</div>

---

<div align="center">SICKLES against SHARP.</div>

THIS was an action of debt, to recover the penalty of 50 dollars, given by the 6th section of the act to protect the fishing in *Hudson* river, &c. passed the 11th *April*, 1815, (*Sess.* 38. *ch.* 146.,) for a violation of the *fourth* section of the act.

It was admitted that the defendant, on *Sunday*, to wit, on the 5th *May* last, fished with a seine, in *Hudson* river, in the channel thereof, in the town of *Kinderhook*, and caught three hundred shad.

The case was submitted to the court without argument.

<div align="right" style="font-size:smaller">Fishing on a<br>*Sunday*, in the<br>channel of *Hud-*<br>*son* river, be-<br>tween the city<br>of *New-York* and<br>*Baker's* falls, is a<br>violation of the<br>*Act to protect*<br>*the fishing in*<br>*Hudson river,*<br>&c. *Sess.* 38., *ch.*<br>146., *s.* 4.<br>A statute, pe-<br>nal as to some<br>persons, if it is<br>generally bene-<br>ficial, may be<br>equitably con-<br>strued.</div>

SPENCER, J., delivered the opinion of the court. The first section of the act (*Sess.* 38. *ch.* 146.) prohibits, after the first of *June*, 1815, the use of set-nets or wires for catching fish, in any part of the *Hudson* river, between the city of *New-York* and *Baker's* falls, other than hoop-nets, fikes, or set-nets, constructed with buoys, which are to be used only on the flats, along the flats and shores, and out of the channel of the river. The second section prescribes the penalty for offending against

the provisions of the first section ; and the third section directs the removal of poles already set. The fourth section, upon which this suit is founded, declares it to be unlawful for any person to fish with seines, &c. in any other part of *Hudson* river, or in the waters of this state, at or below the city of *New-York*, after sun-set on *Saturday* in each week, until the rising of the sun on the *Monday* following ; and a subsequent section inflicts a penalty of fifty dollars for the offence.

It has been contended, that the fourth section of the act prohibits only such fishing upon the *Hudson* river, above *Baker's* falls, inasmuch as the preceding sections had mentioned no other part of the river than that between the city of *New-York* and *Baker's* falls.

The rule that penal statutes are to be construed strictly, when they act on the offender, and inflict a penalty, admits of some qualification. In the construction of statutes of this description, it has been often held that the plain and manifest intention of the legislature ought to be regarded. A statute which is penal to some persons, provided it is beneficial generally, may be equitably construed. Even in cases of felony, courts have regarded the intention of the legislature. The statute of *Geo.* II., *ch.* 25. *sec.* 3., enacts that it shall be felony to steal *any bank notes*, and it was adjudged to be felony to steal one bank note. There can be no doubt, in this case, of the intention of the legislature in passing the act. It was to prevent obstructions in the navigation of the river, to prevent the violation of the sabbath, and to allow one day in the week to the unmolested passage of fish up the river. It is a fact, of public notoriety, that shad or herring never pass above *Baker's* falls ; and, to construe the act in the manner contended for by the defendant's counsel would render it a dead letter. But even if a strict and rigid adherence to the very letter of the statute were necessary, it might be urged, in support of this action, that, as the first section of the act tolerates fishing with nets in a certain manner, on and along the flats and shores, the fourth section, forbidding fishing in any other parts of *Hudson* river, means the channel of the river in its whole extent, as contradistinguished from the flats and shores.

Judgment for the plaintiff.