NEW YORK,
May, 1827.
——————
Van Valken-
burgh
v.
Torrey.

———————————————

VAN VALKENBURGH, *qui tam*, &c., *against* TORREY.

*Keeping a horse for trotting, and using him for that purpose on a wager, is not within the 2d section of the statute against horse-racing, (sess. 25, ch. 44, 1 R. L. 222.)*

*The 1st section of a statute declared all racing, running, pacing, and trotting of horses for a bet, public nuisances, punishable by fine and imprisonment.*

DEBT for the penalty given by the 2d and 3d sections of the act to prevent horse-racing, (sess. 25, ch. 44, 1 R. L. 223,) tried at the Columbia circuit, October, 1824, before WALWORTH, C. Judge.

At the trial, the counsel for the plaintiff offered to prove, that on the 23d of November, 1822, at the town of Kinderhook, the defendant owned a mare which was, on that day, employed in trotting by his privity and permission, against a horse of the plaintiff; that stakes were held and bets depending upon the trotting match, and, among others, a bet by the defendant of $100.

To this testimony the counsel for the defendant objected; 1. on the ground that the action could be sustained *only for racing, not trotting; and 2. if the action was sustain-

[*253]

The 2d section declared the owner of every horse used for *racing* with his privity or permission on bet, should forfeit the value of the horse. *Held*, that keeping a horse for, and allowing him to be used in *trotting* on a bet, was not within the latter section of the statute.

Penal statutes are, generally, to be construed strictly.

Where a statute declares that the penalty for a certain offence shall be sued for by a common informer; and a subsequent statute that it shall be sued for by the overseers of the poor exclusively; during the existence of which last statute the offence is committed; and then a third statute comes and repeals the second, so far as it excludes persons other than overseers from prosecuting; *held*, that this does not restore the right of the common informer, to prosecute for the offence committed intermediate the second and third statutes.

Overseers of the poor may still prosecute, as such, for the penalties given by the act to prevent horse-racing, (sess. 25. ch. 44, 1 R. L. 221.)

able, it was only in the name of the overseers of the poor of Kinderhook.

The judge sustained the first objection; and nonsuited the plaintiff.

The various statutes upon which the two questions depended, will be found stated in the opinion of the court.

*A. Vanderpool*, for the plaintiff, moved to set aside the nonsuit; and for a new trial. He said the action proceeded upon the second section, (1 R. L. 222,) which imposes a penalty upon such as own horses used in *horse-racing*. The term *trotting* is not used; but the statute was passed for the public good; and though penal, shall be construed equitably. *Trotting* is within the mischief. (6 Bac. 486, Statute (I) pl. 6.; id. 391, Statute (I) pl. 9. Cro. Car. 71. 13 John. 497.) The statute against waste is penal; but it is construed liberally. (10 Mod. 282. Plowd. 465.) These authorities contain striking illustrations of the rule; and Plowden gives several rules for determining whether a case is within the equity of the law. The first section of this law declares *trotting* a public nuisance. This characterizes it as a public offence, and may be called in aid to determine the intentions of the legislature. The title of the act is no key to the intention. (1 Ld. Raym. 77.)

The counsel referred to the different statutes declaring who should inform under this act; and insisted that the action was properly brought in the name of Van Valkenburgh, as a common informer.

*E. Williams*, contra, insisted that the action should have been brought by the overseers of the poor.

The penalty of the second section, however, was not incurred. The first section provides that certain acts shall be deemed criminal and punished in a certain way. These are racing, &c., and *trotting* of horses. That section is complete in itself. But the legislature, thinking that some acts of the kind were more highly deserving of punishment *than others, provide for these in the 2d section. It is keeping a horse for racing, and employing him in racing.

[*254]

NEW YORK, There would have been no need of this section, if a distinc-
May, 1827.  tion between *running* and *trotting* had not been intended.
Van Valken-  A farther distinction is also drawn in the 4th section. If
burgh.     it had been otherwise, the additional penalty would have
v.         been expressed in the first section; and in very few words.
Torrey.    The phraseology in which the offences are described is
very different, in the 2d and 4th, from the 1st section. It
is more limited and specific. The 2d, as well as the 4th
section, embraces a distinct subject. The horse must be
kept for the purpose of racing. The legislature have also
discriminated between the gaits of horses. A mere walk
is innocent. So in other respects. Racing or running
within 1-2 mile of a court house is criminal, even without
a bet. Should a farmer only trot his horse, within the one
half mile, he would hardly be within the act. The 4th
section declares, that forming a purse to run for, shall sub-
ject to a penalty. Would forming a purse for any other
purpose subject to the same penalty?

*Vanderpool*, in reply. The only question seems to be,
what speed is necessary to constitute running. Is not trot-
ting the same thing within the intention of the act as run-
ning? Is it not racing? One has a horse which he can-
not get off a trot: does it follow that the race which he
starts upon is not within the statute? The utmost speed
is not necessary to satisfy the term *racing*.

*Curia, per* SAVAGE, Ch. J. This action is brought for a
penalty supposed to be created by the second section of
the act to prevent horse-racing. The first section declares
all racing and running, pacing and trotting for a bet, &c.,
common and public nuisances and offences against the state;
and that all concerned shall be punished by fine and im-
prisonment. The second section enacts that the owner of
every horse used in *horse-racing*, with his privity or per-
mission, whereon bets are laid, shall forfeit for every race
the value of such horse. This section is supposed to give
the penalty of the value of the horse for *trotting* or pacing,
by construction.

*It is an established rule, that penal statutes are to be construed strictly.[1] Before the passing of the act in question, the running or trotting of horses for a wager was a lawful amusement; and so far from subjecting those concerned to any punishment, the courts enforced the payment of the wager. The legislature, however, thought proper to prohibit, by the 1st section of the act, all running and racing, and pacing and trotting, for a bet. These acts are declared public nuisances; and those persons who violate that section, may be indicted, and punished in the manner provided by it. In the 2d section, the legislature have added to the former punishment for racing, a forfeiture of the value of the horse used for that purpose. Had they intended to punish those who trotted horses with an equal superadded penalty, it was easy to have said so. They have not said so; and that is a sufficient answer to this action. When the parties trotted for $100, they knew they were liable to be indicted; but there was no law subjecting them to any additional penalty.

There are decisions that penal statutes are to receive an equitable construction; by which cases not named may be included in the penalty. The reason is, that the lawmakers could not set down every case in express terms. But such a construction, I apprehend, cannot be applied, when all offences are enumerated, and a distinction is made in the punishment. When an additional penalty is imposed upon one only, the rule will apply, *expressio unius exclusio alterius.*

Another point was raised which need not be decided; but as the expression of an opinion upon it was desired, it may be given.

[1] A penal statute should be strictly construed. *Sprague* v. *Birdsall*, 2 Cowen, 419. A penal statute is not to be extended by an equitable construction. *Myers* v. *Foster*, 6 Cowen, 567. A statute penal as to some persons, if it is generally beneficial, may be equitably construed. *Sickles* v. *Sharp*, 13 John. Rep. 497. A penal statute which may be construed as authorizing either a summary remedy, or an action in the ordinary course of proceeding, shall be taken to mean the latter. *Bennett* v. *Ward*, 3 Cai. Rev. 259.

See N. Y. Dig. Vol. IV, tit. *Statutes.*

NEW YORK,
May, 1827.

Van Valken-
burgh
v.
Torrey.

[*256]

By the 3d section, the forfeiture mentioned in the 2d, is given to any one who will sue for the same, &c. By the 1st section of the act, requiring overseers of the poor to sue for penalties, &c., passed the 18th of February, 1820, (sess. 43, ch. 37,) all penalties incurred under the act to prevent horse-racing, after June 1st, 1820, were to be sued for by the overseers of the poor. And by the 5th section, it is enacted that in all cases provided for by that act, it *should not be lawful for any other person to sue for such penalty. This act continued in force until April 17th, 1823, when by the 7th section of an act, (sess. 46, ch. 181,) relating to the duties and privileges of towns, it was enacted that the 5th section of the former act of the 18th of February, 1820, be, and the same was thereby repealed. This is a simple repeal. No provision is made for offences committed, or suits pending; and perhaps none was necessary, as the overseers of the poor were still left at liberty to prosecute. The repeal of the 5th section merely, restored the right of other persons to prosecute, as well as overseers of the poor. But it could give no right, I apprehend, to persons other than overseers, to prosecute for offences already committed, between the 18th of February, 1820, and the 17th of April, 1823; because, during that time, the right of action was given exclusively to the overseers of the poor. The overseers, and they alone, could prosecute for offences then committed. The act has not a retro-active operation.

Upon both points, therefore, I think the plaintiff fails. The motion to set aside the nonsuit must be denied.

Motion denied.