THE FIRE DEPARTMENT OF THE CITY OF NEW YORK *v.* SOLON BUFFUM.

A building, of which the second and third stories, on the front and rear, are constructed exclusively of wood and glass, is a violation of the fire laws, although the first story be of brick.

A fire warden cannot dispense with the requirements of the statute, and authorize the erection of a prohibited structure.

Hence, an owner cannot protect himself from the penalties of the fire laws, by showing that an illegal building was erected with the consent and approval of one of the fire wardens.

The fire laws are remedial statutes, and are to be liberally construed in respect to the question what cases are designed to be embraced therein, and the modes of proceeding to apply and enforce them.

Accordingly, as the form and contents of the notice to remove a violation are not prescribed by law, a party will be liable to the continuing penalties of the act, in case he has received such a notice, however general, as is in fact sufficient to apprise him of what he is directed to remove.

THIS action was brought by the Fire Department, to recover the fixed penalty of $500, and the continuing penalty of $50 per day, provided by the "Act for the more effectual

prevention of fires in the city of New York, and to amend," &c., passed March 7, 1849.

The following is the testimony given at the trial, in relation to the structure complained of :

By Gilmore, a fire warden : "I know the premises on the corner of Avenue B. and Eighth street; the defendant keeps the store on the corner; I know the premises in the rear of his store; my attention was first called to that rear building in June, 1850; it is the same as then; it is a building of wood between the rear of one house and the gable of another; it is about thirty feet in height, fifteen in width, on Eighth street, and twenty-seven feet deep; three stories; the front is entirely of wood, glass and nails; it has no side walls, except those I spoke of; the beams run from the rear of the adjoining building to the gable of the one on Eighth street; the adjoining buildings are about the same height; the first story is composed of a double store door and two windows; there is a small panel of wood under the windows. "The height of the stories and distances are as marked on the plan; the rear wall is brick up to the second story; the front first story is composed of windows and doors; there is a panel work of wood on the second and third floors, front and rear, about two and a half feet high; the whole of the front is of wood, glass and nails, and the whole of the rear, except the rear of the first story, which is of brick; the panels above and beneath the windows are of wood; the spaces between the windows are also of wood; the cornice is of wood, and the work under and beneath the cornices is also wood; there are water-closets on the second and third floors; the uprights were fixed with pullies for sashes, but the pullies were taken out after the notice was served."

By A. J. Henyon: " The columns are square by casing; they are not so deep as wide ; they are about 5 inches deep; there is no passage from one story to another; you have to go from the corner house to each floor. "I made the diagram; I made it from the building on Eighth street; the height is 30 feet $2\frac{1}{2}$ inches; the width on Eighth street

and in the rear is fifteen feet, and the depth is 27 feet; it is three stories; the first story is a little over 9 feet high, the other two stories a little over 9 feet each in height; the front is all wood work; the opening between the front store and this rear building is 10 feet 6 inches; the rear building is part of the front store; as the uprights now stand, they are ordinary columns."

And by J. Scofield: "I was the builder of this piazza; the upper floors are supported entirely by beams running from wall to wall; the upright casings on the side on Eighth street and the side opposite are no support, and were not intended as supports to the platforms; there are no posts within those casings."

It was contended, in behalf of the defendant, that the provision for a *continuing* penalty, which does not attach until notice, was inapplicable to this case, on the ground that the notice given by the fire warden was insufficient. This notice was as follows:

"Mr. Buffum, No. —, cor. Eighth street and Avenue B.

"Sir,—You are hereby directed to remove the following named violation of the fire laws, to wit: A piazza, three stories high, the two upper stories enclosed with wood, the same being contrary to law, on or before the 13th day of July, 1850.

"New York, 3d day of July, 1850.

"JAMES GILMORE,
"168 Orchard street,
"Fire Warden of the city of New York."

The defendant offered to prove that the building was constructed with the consent and approbation of a fire warden. This testimony was excluded.

The cause was tried before a jury, and a verdict rendered in the plaintiff's favor for $2,000. Judgment was perfected for that sum and costs. The defendant appealed.

*Alfred Dickinson,* for the defendant, made and argued the following points:

I. The judge erred in refusing to allow the defendant to show, that in the putting up or finishing the alleged violation, he acted under the direction and with the approbation of the fire wardens.   1st. This was an issue expressly raised by the pleadings.   2d. The fire wardens were the officers of the Fire Department, within whose express province it was to decide whether the alleged violation was a violation of the · law, and after they had decided that the building was not a violation, and it had been erected or finished under their approbation, the plaintiffs could not insist to the contrary.   3d. The notice of Gilmore could not be construed as showing that he, as one of the fire wardens, considered it a violation.   After the alleged violation had, in its erection, received his approval, if his notice was not calculated to mislead as not applying to the erection in question, it was too late for him to change his opinion.

II. The judge erred in refusing to allow the defendant to show for what purpose the alleged violation was used.

III. The judge erred in refusing to grant a nonsuit and dismissal of the complaint, as applied for on the trial.   1st. The notice served on the defendant was to take down " a piazza, three stories high, the two upper stories enclosed with wood." And it was not shown that the defendant had erected or was in possession of any such piazza at the time.   The evidence shows that the lower part of the alleged violation was not a piazza, but was a part of the store, corner of Eighth street and Avenue B., being enclosed with brick, with the exception of the door and windows in Eighth street; and the two upper stories (so called) were not enclosed with wood, but that two sides were wholly of brick, and on the other two only so much wood was used as to prevent persons from falling therefrom, to wit, a panel work of about $2\frac{1}{2}$ feet high. This certainly cannot be said to be enclosed with wood. The notice to the defendant calls the alleged violation *a piazza.*   Then it must be an appurtenance to a house, and being an appurtenance of a house, it must not be looked upon as a separate building, erected and finished on Eighth.

street, but what the plaintiffs call in their testimony the front and rear, are properly the sides. 2d. The notice and complaint do not agree in the character and description of the alleged violation. The notice calls it a piazza, three stories high, the two upper stories enclosed with wood. The complaint calls it a building or shed, erected on the rear of land situate on the northerly corner of Avenue B. and Eighth street. 3d. The notice served on the defendant does not specify a building, or any violation within the meaning of the statute. The term *piazza* is of well known signification. It is a mere appurtenance to a building, and does not exist separate and apart therefrom. It is not mentioned in the fire laws, and is not included in the term building or shed. 4th. The evidence does not sustain the allegations of the complaint in the description or character of the alleged violation, and the evidence had shown no violation of the statute within the meaning thereof. The complaint charges, "that the said building or shed so erected or limited, was not and is not made or constructed of stone or brick, or any fire proof materials, nor was, nor is it constructed with party or outside walls of stone or brick, but on the contrary thereof, the said building or shed was and is and the only outside walls the said alleged violation had or has, were and are, made and constructed of wood." Now if the alleged violation is to be considered as a building or shed, and separate, distinct and disconnected from any other building, except in so far as it adjoins and lies contiguous to other buildings, then the allegations of the complaint are not sustained by the evidence; for, 1st. The first floor or story is shown to be enclosed by brick walls on the two sides and in the rear, and the front only is composed of a door and windows; and 2d. The two upper stories are not enclosed, except on the two sides, and they are brick party walls; the front and rear are not enclosed with walls of any materials.

IV. The plaintiffs have brought their action under the statute for a *penalty*, which goes on to increase day by day during the whole course of legal proceedings, and which, how-

ever honestly defended for the purpose of maintaining his legal rights, subjects the defendant to the risk of being ruined in case of failure to sustain his position. This, therefore, is a highly penal statute, and is in this action so considered and used by the plaintiffs. It is in derogation of the common law, and the plaintiffs must bring this case within the strict and literal terms of the statute, which in this case can receive no liberal or equitable construction. (Dwarris on Stat. p. 64; 4 Term R. 665; *Sprague* v. *Birdsall*, 2 Cowen, 419; *Strong* v. *Stebbins*, 5 Ib. 210; *Myers* v. *Foster*, 6 Ib. 567; *Van Valkenburgh* v. *Torrey*, 7 Ib. 252; *Pierce* v. *Hopper*, 1 Strange, 258.)

V. The alleged violation does not come within the 19th section of the statute. This was so held by the judge on the trial, and was so admitted by the plaintiffs' counsel. It must, therefore, be urged by the plaintiffs to come under the words "and other buildings," in sections 2 and 3 of the statute. Here the plaintiffs must fail, because, 1st. It cannot be considered a building within the meaning of the statute, a part of it being actually an incorporated part of the corner store, and in no manner built contrary to the statute, and the other part being a mere adjunct of a building. 2d. The words "and other buildings" must be construed in this, a penal statute, as meaning a building of the kind mentioned in these sections immediately preceding those words, to wit, "dwelling-houses, stores, storehouses." (Dwarris on Stat. p. 69; Com. Dig. Act Parl. R. 20.)

VI. The judgment in behalf of the plaintiffs is erroneous and should be reversed.

*Augustus F. Smith,* for the plaintiffs, made and argued the following points:

I. The fire warden has by law no authority, direct or indirect, to permit a citizen to violate the fire law, and whatever he may have said to the defendant, cannot affect his liability.

II. The motion for nonsuit was properly denied. 1. The

first penalty is given without reference to the notice, and though that may be defective, the nonsuit could not be granted. 2. The notice was good in form ; no particular form is prescribed. It was only necessary that it should call the attention of the defendant to the violation complained of. (§§ 24 and 29.) 3. The evidence showed a clear violation of the law.

III. The opinion of a witness that the building was not a violation, or evidence that the defendant did not design to violate the law, was not admissible.

IV. Nor was evidence admissible of the purpose to which the building was appropriated.

BY THE COURT. DALY, J.—There can be no doubt that the building put up by the defendant was in violation of the second and third sections of the act. (Laws of 1849, p. 118.) The act requires that all buildings erected within certain limits shall be constructed of brick, stone, or other fire proof material. This was a building within the meaning of the act, and was not so constructed. It was of three stories. The first was composed entirely of wood and glass, and the rear, above the first story, was of the same material.

The proposed evidence was inadmissible. The consent of the fire warden, if it had been obtained, would have been no protection to the defendant. A fire warden could not dispense with the requisitions of the statute, nor authorize the putting up of a prohibited structure. Whether the lower part was finished in the manner the defendant told the warden he intended to finish it, or what the warden said to the defendant, was equally immaterial. This was not an action for damages, which could be increased or diminished by the jury, but an action to recover a specific penalty for putting up a building in violation of the fire laws. The only thing to be ascertained was, whether the defendant had put up such a building, for if he had, the penalty was incurred, whoever may have advised him to do it.

There was no ground for the motion for a nonsuit. That

motion was founded upon the alleged insufficiency in the notice. But the plaintiff was entitled to recover a penalty of $500, independently of any notice, the proof of which was material only in respect to the additional penalties claimed for the continuation of the violation. The plaintiff, therefore, was entitled to recover the $500 penalty, though his notice may have been defective.

The material point in the case is, whether the notice given was sufficient to entitle the plaintiff to the additional penalties. Where a statute prescribes the form, or the substance of a notice, it must be fully and strictly complied with. (*Reg.* v. *Cooke*, Cowp. 30; *Dorsan* v. *Gill*, 1 East, 64; *Goss* v. *Jackson*, 3 Esp. 198.) No form of notice is prescribed by the act, nor does it declare what it shall contain, otherwise than that it shall be a notice to the party to remove the violations. The notice given was certainly very general. Except in its being directed to the defendant, at the place, it did not point out where the building was situated. He was required to remove, and the building itself was described as, a piazza. Still we cannot say that it was not sufficient to apprise the defendant that he was required to remove the building he had put up in violation of the act. This is a remedial statute, and both in respect to the cases intended to be embraced by it, and the form of proceeding under it, it is to be liberally construed. (*Johns* v. *Johns*, 3 Dow's R. 15; *Atcheson* v. *Everitt*, Cowp. 391; *Sickles* v. *Sharp*, 13 Johns. 497.) If the defendant wished to avail himself of the alleged insufficiency in the notice, he should have asked the judge to instruct the jury, that if they believed, from the notice and from all the circumstances in the case, that the defendant was not apprised and did not know what he was called upon to remove, that then the plaintiffs could not recover the additional penalties. But as the case comes before us, we cannot say, as matter of law, that the notice was insufficient.

                              Judgment affirmed.