HENRY E. WYLDE, Respondent, v. THE NORTHERN RAILROAD COMPANY OF NEW JERSEY and THE ERIE RAILWAY COMPANY, Appellants.

It is the right of a party to a contract, in an action upon it, to pursue the real principals with whom he contracted; and the fact that some of them do not appear in, and that their interest is not disclosed by the contract, does not prevent him from showing that they were jointly interested therein.

Where one party to an action, knowing the truth of a matter in controversy and having the evidence in his possession, omits to speak, every inference warranted by the evidence offered will be indulged in against him.

Defendant, the E. R. Co., issued to plaintiff a commutation ticket between Jersey City and Nanuet; an intermediate portion of the route was over the track of the N. R. Co.; the ticket was headed N. R. R., and was given, on the surrender of another bought of the N. R. Co., between Jersey City and Granton, a station on the N. R. R., and on payment of the additional charge. Both companies carried passengers and ran trains to and from the depot of the E. R. Co. at Jersey City. There was no distinction in the trains which commuters could take. Commutation tickets for stations on either road were sold for two days in each month at the office of the N. R. Co., and on other days at the office of the E. R. Co. Plaintiff took a regular passenger train at Nanuet for Jersey City and the car was marked N. R. R. On entering the depot at Jersey City, the locomotive was detached. Plaintiff arose from his seat in preparation for leaving. The cars moved] on through the depot and struck with great force against a bumper, injuring the plaintiff. In an action to recover the damages it was admitted that the relations of defendants to each other were defined by written contracts, which they, upon notice, refused to produce. A verdict was rendered against both defendants. *Held*, no error; that while the proof to establish a joint interest in defendants was slight, yet there was some; and defendants knowing the truth and omitting to speak, every inference warranted thereby should be taken against them; that there was sufficient evidence of negligence on the part of defendants, and no ground for imputing contributory negligence to plaintiff.

(Argued May 21, 1873; decided June 10, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been occasioned by the negligence of defendants.

The facts sufficiently appear in the opinion.

*Jno. N. Lewis* for the Northern Railroad Company of New Jersey, appellant. Plaintiff, to recover, must prove that the company sought to be charged contracted to carry him; that he was injured on their line and through the negligence of their servants. (*Murch* v. *Con. R. R. Co.*, 9 Foster, 9; *Parker* v. *Ren. and S. R. R. Co.*, 16 Barb., 315; *Hood* v. *N. Y. and N. H. R. R. Co.*, 22 Conn., 1; *Sprague* v. *Smith*, 29 Vt., 421; *Ellsworth* v. *Tartt*, 26 Ala., 733; *Straiton* v. *N. Y. and N. H. R. R. Co.*, 2 E. D. S., 184; *Cary* v. *Clev. and T. R. R. Co.*, 29 Barb., 35; *Mytten* v. *Mid. R. R. Co.*, 4 H. & N., 615; *Briggs* v. *Vanderbilt*, 19 Barb., 222; *Bissell* v. *Mich. S. and N. I. R. R. Co.*, 22 N. Y., 258; *Smith* v. *N. Y. and N. H. R. R. Co.*, 19 id., 127; *S. C. R. R. Co.*, 7 Rich., 201; *Nelson* v. *V. and C. R. R. Co.*, 26 Vt., 717; *Sawyer* v. *R. and B. R. R. Co.*, 27 id., 370; *Schopman* v. *B. and W. R. R. Co.*, 9 Cush., 244; *Ill. C. R. R.* v. *Kanouse*, 39 Ill., 272; *Chic. and R. I. R. R.* v. *Fahey*, 52 id., 81; *Wing* v. *N. Y. and E. R. R.*, 1 Hilt., 235; *Fairchild* v. *Slocum*, 19 Wend., 329; *R'way Co.* v. *Barron*, 5 Wall., 90; *Briggs* v. *Terrell*, 12 Ire.; 1; *Fletcher* v. *B. and N. R. R.*, 1 Al., 9; *Hunt* v. *N. Y. and E. R. R. Co.*, 1 Hilt., 228; *Knight* v. *P. and C. R. R. Co.*, 57 Me., 202; S. C., 8 L. R. [N. S.], 654; *Thomas* v. *Rymney R. W. Co.*, L. J., 6 Q. B., 266.) Plaintiff contracted exclusively with the Erie Railway Co. (*Breese* v. *U. S. Tel. Co.*, 48 N. Y., 132; affirming 45 Barb., 274; *Lewis* v. *G. W. R. Co.*, 5 H. & N., 1867; *Grace* v. *Adams*, 100 Mass., 505; *Wolf* v. *W. U. Tel. Co.*, 62 Pa., 87; *Farnham* v. *C. and A. R. R. Co.*, 55 id., 53; S. C., 7 Am. L. R. [N. S.], 172; *Hood* v. *N. Y. and N. H. R. R. Co.*, 22 Conn., 12; *Quimby* v. *Vanderbilt*, 17 N. Y., 306; *Fatman* v. *C. H. and D. R. R. Co.*, 2 Dishney [Ohio], 248, 251.) The contract which exists between

connecting railroad companies, even in regard to the division of the price of through tickets, is not a partnership which renders each liable for injuries or losses occurring on the whole route. (*Sawyer* v. *Rut. R. Co.*, 27 Vt., 370; *Farwell* v. *B. and W. R. Co.*, 4 Metc., 61; 2 Redf. on Railways, 228, § 3, citing *Sprague* v. *Smith*, 29 Vt., 421; *Hood* v. *N. Y., etc., R. R. Co.*, 22 Conn., 1, 502; *Ellsworth* v. *Tartt*, 26 Ala., 733; *Straiton* v. *N. Y., etc., R. R. Co.*, 2 E. D. S., 184; *Mytten* v. *Mich. R. R. Co.*, 4 H. & N., 615; *Chic. and R. I. R. R. Co.* v. *Fahey*, 52 Ill., 81; *Knight* v. *P. and S. R. R. Co.*, 57 Me.; *S. C.*, 8 L. R. [N. S.], 654; *S. C. R. R. Co.*, 7 Rich., 20; *Gass* v. *N. Y., etc., R. R. Co.*, 99 Mass., 220.) The injury was not on this defendant's line, and it is not liable. (*Root* v. *G. W. R. R. Co.*, 45 N. Y., 524; *Hunt* v. *N. Y. and E. R. R. Co.*, 1 Hilt., 228.) The fact of plaintiff being in this defendant's car, but under no contract with it, without proof of its negligence, is no ground for a recovery. (1 Redf. on Railways, 591, § 3; *Fletcher* v. *B. and M. R. R. Co.*, 1 Al., 9; *Lamb* v. *C. and A. R. R. Co.*, 46 N. Y., 271; *Curtis* v. *Roch. and S. R. R. Co.*, 18 id., 534.) The burden of disproving negligence is not on this defendant. (*Holbrook* v. *U. and S. R. R. Co.*, 12 N. Y., 236.)

*J. A. Fuller* for the Erie R. Co., appellant. Plaintiff cannot recover unless the injury was occasioned solely by the negligence of defendants. (*Wilds* v. *H. R. R. R. Co.*, 24 N. Y., 430, 432; *Wilcox* v. *R. and W., etc., R. R. Co.*, 7 Tr. Apps., 25; *Grippen* v. *Cent. R. R. Co.*, 40 N. Y., 34; *Stuves* v. *O. and S. R. R. Co.*, 18 id., 422; *Ginnion* v. *N. Y. and H. R. R. Co.*, 6 Robt., 25, 26; *Witherby* v. *Regent's Canal Co.*, 12 C. B. [N. S.], 2; 3 F. & F., 61; 6 L. T. [N. S.], 255; *Ernst* v. *H. R. R. R. Co.*, 39 N. Y., 61; *Thruigs* v. *Cent. Pk. R. R. Co.*, 7 Robt., 616; *Balt., etc., R. R. Co.* v. *State*, 29 Md., 252; *North, etc., R. R. Co.* v. *State*, id., 420; *Conlin* v. *Charleston*, 15 Rich. [L. S.], L., 201; *Harper* v. *Erie R. Co.*, 3 Vroom. [N. J.], 88; *Hickey* v. *Bost., etc., R. R.*

*Co.*, 12 Al., 429 ; *Gonzales* v. *N. Y. and H. R. R. Co.*, 38 N. Y., 440 ; *Jeff. R. R. Co.* v. *Hendricks*, 26 Ind., 228 ; *Same* v. *Smith*, id., 459 ; *Haley* v. *Chicago, etc., R. R. Co.*, 21 Iowa, 15 ; *Toledo, etc., R. R. Co.* v. *Goddard*, 25 Ind., 185 ; *McAnnich* v. *Miss., etc., R. R. Co.*, 20 Iowa, 338.) The court erred in refusing to charge that plaintiff was guilty of contributory negligence. (Shear. & R. on Con. Neg., chap. 3, and cases cited.)

*Thomas D. Hall* for the respondent. Defendants are jointly liable to plaintiff. (*Champion* v. *Bostwick*, 18 Wend., 175 ; S. C., 11 id., 572 ; *Bissell* v. *Mich. S. and N. I. R. R.*, 22 N. Y., 258 ; *Schopman* v. *B. and W. R. R. Co.*, 9 Cush., 24 ; Shear & Red. on Neg., 304, 306, §§ 271, 272 ; *Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y., 628.) The burden of proving that the train on which plaintiff was injured was not run by them or their agents was upon defendants. (Shear. & Red. on Neg., 80, § 71.) Plaintiff was not guilty of negligence. (Shear. & Red. on Neg., 319, § 281 ; *Gee* v. *Met. R. Co.*, 25 E. L. T. R., 822.) It is not contributive negligence for a passenger to stand while the cars are in motion. (*Nichols* v. *Sixth Avenue R. R.*, 38 N. Y., 131 ; *Willis* v. *L. I. R. R.*, 34 id., 670 ; S. C., 32 Barb., 298.) If plaintiff by any innocent act had contributed to the injury, his right to recover would not be thereby defeated. (Red. on Car., 379, § 526 ; Shear. & Red. on Neg., 30, § 31 ; 320, § 526 ; *Gordon* v. *Gd. St. and N. R. R. Co.*, 40 Barb., 546 ; *Willis* v. *L. I. R. R. Co.*, 32 id., 398.) The verdict of the jury as to defendants' liability and as to negligence cannot be disturbed. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y., 65, 71 ; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id., 288 ; *Ernst* v. *H. R. R. R. Co.*, 39 id., 68 ; *Filer* v. *N. Y. C. R. R. Co.*, 49 id., 47 ; *Bernhardt* v. *Rens. and S. R. R. Co.*, 32 Barb., 165.) There was no such excess in the amount of the verdict as to authorize the court to interfere with it. (Redf. on Car., 315, 316, §§ 425, 428 ; 672, § 613 ; *Coleman* v. *Southwick*, 9 J. R., 45 ; *Ingerson* v. *Miller*, 47 Barb., 47 ; *Oldfield* v. *N. Y. and H. R. R. Co.*, 14 N. Y.,

310; *Dike* v. *Erie R. Co.*, 45 id., 113; *Ransom* v. *N. Y. and E. R. R. Co.*, 15 id., 415; *Shaw* v. *B. and W. R. R. Co.*, 74 Mass., 45.) It was proper to consider plaintiff's pain and suffering, and mental trouble and anxiety, in estimating the damages. (*Ransom* v. *N. Y. and E. R. R. Co.*, 15 N. Y., 415; *Curtis* v. *Roch. and S. R. R. Co.*, 18 id., 534; Shear. & Red. on Neg., 662, § 606.)

ANDREWS, J. The Erie Railway Company, in October, 1870, issued to the plaintiff a commutation ticket, entitling him to a passage, each way daily, between Jersey City and Nanuet, a station on the Piermont branch of the Erie railway, until May 1, 1871. There was an indorsement on the ticket declaring that it was held subject to an agreement with the company, signed by the holder. It was issued at the office of the Erie Railway Company in New York, on the surrender, by the plaintiff, of a commutation ticket, for one year, between Jersey City and Granton, a station on the Northern railroad, and on the payment of the additional charge for the carriage from Granton to Nanuet. The plaintiff, at the time the ticket was issued, signed an agreement, in which he acknowleged the receipt from the Erie railway of a commutation passenger ticket, entitling him to passage in any regular passenger train of the company, over that portion of its railway between Jersey City and Nanuet, subject to certain conditions stated, restricting the use and prohibiting the transfer of the ticket, and making it void on the violation by the plaintiff of the regulations contained in the agreement. The agreement stated that the plaintiff consented to be bound to the Erie Railway Company, by the conditions, in consideration of the delivery of the ticket. The plaintiff, on the morning of the accident, took the regular passenger train at Nanuet for Jersey City, which ran on the track of the Erie Railway Company to Piermont, thence over the track of the Northern Railway Company to its junction with the track of the Erie Railway Company near Bergen Tunnel, and thence about two miles over the track

of the latter company, to its depot at Long Dock.   On enter-
ing the depot the locomotive was detached from the train.
The plaintiff rose from his seat to button his coat, in prepara-
tion for leaving the car.   The cars, after the locomotive was
detached, moved on through the depot, and struck with great
force a "bumper" at the end, throwing the plaintiff down,
and over the arm of a chair behind him, causing the injuries
which are the subject of this action.   That the relation of
.carrier and passenger existed at the time between the Erie
Railway Company and the plaintiff is clearly established.
The company had, by express contract, undertaken to carry
the plaintiff during the time covered by the commutation
ticket, by rail, once in each day, from Nanuet to Jersey City.
The ticket issued to him was headed "Northern R. R. of
New Jersey," showing that he was to be carried over the line
of that road.   The plaintiff entered the cars at Nanuet, and
his right to a passage on that train upon his commutation
ticket was recognized.   The injury happened in the depot of
the Erie Company.   The negligence of the company in the
management of the train was found by the jury upon sufficient
evidence.   It was negligence to allow the cars to proceed with-
out retaining control of them, under circumstances which
rendered a collision inevitable, unless the motion was checked,
and the company is responsible for injuries resulting from it.
There is no ground for imputing negligence to the plaintiff.
It is probable that if he had retained his seat the injury
would not have happened.   He had no notice of danger,
and had a right to assume that the train would be stopped in
the usual manner.   The train had reached its destination, and
the plaintiff left his seat with a view of leaving the car as
soon as the train stopped.   He did, as passengers usually do,
and what the company must have known they were accus-
tomed to do, and the plaintiff could not have supposed that
the act was inconsistent with safety.   (*Nichols* v. *Sixth Ave.
Railroad*, 38 N. Y., 131; *Willis* v. *Long Island Railroad*,
34 N. Y., 670; *Gee* v. *Metropolitan Railway Co.*, 25 Eng.
Law Times Rep., 822.)

The liability of the Northern Railroad Company is contested on the ground that they were not, in fact, the carriers of the plaintiff, and had made no contract with him, and that he was, at the time of the injury, a passenger on the train of the Erie Railway Company, and was being carried under a contract with that company, to which the Northern Railroad Company was not a party or privy. The complaint is founded upon a breach of contract by the defendants, and the judge at the trial refused to charge the jury, upon the request of the counsel for the Northern Railroad Company, that no contract by that company with the plaintiff had been shown. It must appear, in order to sustain the judgment against the Northern Railroad Company, that there was evidence from which the jury could have found that the defendants were joint contractors in issuing the commutation ticket and in carrying the plaintiff. The contract with the plaintiff was, on its face, a contract with the Erie Railway Company. But it was competent for the plaintiff to show that it was made in behalf of both defendants. The designation in the agreement, of the Erie Railway Company as the party with whom he contracted, did not prevent him from showing that the two corporations were jointly concerned in the business of carrying passengers, and that there was a community of interest between them in the sale of commutation tickets. If they were copartners in this business, and jointly interested in the profits arising therefrom, then, in law, it was the contract of both, and the evidence of their joint interest did not contradict the written contract, but simply identified the parties with whom it was made. It is the right of a party in an action upon a contract to pursue the real principals, and if any of them are undisclosed on the face of the agreement, they may be brought in when ascertained. The relations existing between the defendants do not very clearly appear. The Northern Railroad Company is a New Jersey corporation, and its road was built in 1856, from Jersey City to Piermont, for the purpose of connecting at the latter place with the Piermont branch of the Erie railway. The evidence

authorizes the inference that after the completion of the road
it carried on the freight and passenger traffic, and its trains, at
first, crossed the Erie road at Bergen Tunnel, and ran into
the depot of the New Jersey railroad.  For many years past
this has been changed, and the passenger trains at the Jersey
City terminus have run to and from the depot of the Erie
Railway Company, at Long Dock.  But the Northern Rail-
road Company has not, so far as it appears, discontinued the
business of carrying passengers.  The station agent of the
Erie Railway Company, at Blauveltsville, on the Piermont
branch of the Erie road, testified that he sold tickets for the
Northern railroad, and made returns to its president.  There
is no distinction in the passenger trains which commuters
may take   The Northern Railroad Company have their office
on Long Dock.  Commutation tickets are sold at this office
for stations on either road, on two days of each month, and
on other days at the office of the Erie Railway in New York.
The plaintiff, in May, 1870, purchased, at the office of the
Northern railroad, the commutation ticket to Granton, which
he surrendered at the office of the Erie Railway Company, in
October, when he procured the ticket he held at the time of
the injury; and this ticket, when it expired, he surrendered
at the office of the Northern company.  The car in which
the plaintiff was, at the time of the accident, was marked
"Northern railroad;" and one of the witnesses stated
that the persons who assisted in taking the plaintiff from
the car were, as he supposed, employes of that road.
The proof, it must be admitted, is not very satisfactory to
establish a joint interest, in the nature of a copartnership,
between the defendants, in the passenger traffic and in the
sale of commutation tickets.  But it tends to show that the
interests of the defendants were consolidated, and that there
were mutual and interchangeable relations and a community
of interest and action between them, in the running and
management of the trains.  The defendants gave no evi-
dence on the trial.  It was admitted that the relations of the
corporations to each other were defined by written contracts.

Statement of case.

The defendants, upon notice to do so, refused to produce them. The defendants knowing the truth and omitting to speak, every inference warranted by the evidence should be indulged against them. There was some evidence of a joint contract by the defendants, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.