## COMMOSS v. SOMERS et al.

### (Circuit Court, E. D. New York. April 6, 1892.)

1. PATENTS FOR INVENTIONS—EXTENT OF CLAIM—PREPARING PLATES FOR PRINTING.

Letters patent No. 184,759, issued November 28, 1876, to Joseph T. Commoss, claim "the method of preparing metal plates for direct printing by means of pale boiled oil, Benguela varnish, turpentine, white lead, magnesia, and soap-stone, in about the proportions and in the manner herein substantially set forth and described." Held, that the patent covers only the specified method of using this particular composition, and is valid to that extent.

2. SAME—INFRINGEMENT—EVIDENCE—PRESUMPTIONS.

The only evidence as to infringement was the testimony of the plaintiff, as an expert, to the effect that, in his opinion, a certain box, shown in evidence, was printed from a plate treated with a composition containing "varnish, boiled oil, and some colored pigment," "in such proportions and consistency as to produce a smooth surface," without stating that it was dried, or treated with soap-stone and magnesia, according to his method. Held, that this was no evidence whatever of infringement, and hence that no presumptions could be indulged against defendant from his failure to show the nature of his composition and method of treatment.

In Equity. Suit by Joseph T. Commoss against Daniel T. Somers and others for infringement of a patent. Bill dismissed.

Samuel G. Coe, for orator.

Robert H. Duncan, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 184,759, of November 28, 1876, granted to the orator for an "improvement in processes of preparing metal surfaces for printing upon," so that they may be printed upon direct, and afterwards struck up without injury. The specification describes using a composition of nine pints of pale boiled oil, six of Benguela varnish, and one of turpentine, with 16 pounds of white lead ground in oil, mixed at 125 deg. Fahrenheit, strained through four or more graduated wire screens, applied to the plates, and keeping them at 125 deg. Fahrenheit 48 hours, when they are powdered with two parts of magnesia and one of soap-stone. The claim is for "the method of preparing metal plates for direct printing by means of pale boiled oil, Benguela varnish, turpentine, white lead, magnesia, and soap-stone in about the proportions and in the manner substantially as herein set forth and described." This seems to be a patent for this precise method of using this particular composition. The anticipations relied upon are not shown to have been by this method, nor substantially like it, and the patent appears to be valid.

No infringement is shown except by a metal box, about which the plaintiff testifies as an expert:

"I am confident that the plate from which this box is made was first coated with an elastic smooth body or composition composed of varnish, boiled oil, and some colored pigment, of such proportions and consistency as to produce a smooth surface; and such composition has floated on the surface of such plate so as to dry without brush-marks. After this composition has been dried, the plate has been printed on in a lithographic press, and then formed into the box."

If this pigment was the equivalent of the white lead, and this varnish of Benguela varnish, as they may have been, the turpentine, and magnesia or soap-stone are left out of the composition, and it was accordingly different from that of the patent. The screening is wholly left out of the process, and simple drying of the plates, after the coating, left to take the place of baking 48 hours, at 125 deg. Fahrenheit. Neither the composition nor the process so shown are the same as those of the method of the patent. That they may have been the same, and that the defendants could have shown them to have been different, if they were, and have not, is relied upon to make out that they were. In *Wylde* v. *Railroad Co.*, 53 N. Y. 156, referred to for support to this argument, there was some evidence tending to show that the defendant was one of those liable; and whether it was or not could be made to appear from written contracts in its possession, and not produced. The court said: "The defendants knowing the truth, and omitting to speak, every inference warranted by the evidence should be indulged against them." Here infringement is denied in the answer, and was to be proved. The orator does not even say that he thought the metal of the box was prepared for printing by his method, but only described a method not his. The omission to produce evidence will not supply evidence wanting on the other side, although it will strengthen that which is slight. That the defendants have used the orator's method does not appear to be proved by any degree of evidence. Therefore the bill must be dismissed for non-infringement. Bill dismissed.