(21 Misc. Rep. 449.)

STICKNEY v. WARD.

(Supreme Court, Appellate Term. October 28, 1897.)

EVIDENCE—PRESUMPTIONS—FAILURE TO CALL WITNESS.

The mere omission of a party in a civil action to call a witness who has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not necessarily so suspicious as to authorize an inference that his testimony, if he had been produced, would have been adverse to the party.

Appeal from city court of New York, general term.

Action by Joseph L. Stickney against Thomas E. Ward. From a judgment of the general term (46 N. Y. Supp. 382) affirming a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Franklin Bien, for appellant.

Harold Nathan and David Leventritt, for respondent.

DALY. P. J. This action was brought to recover damages from a stockbroker by his customer or client, upon the claim that an order had been given by the latter to the broker to sell short for his account 50 shares of a certain stock on July 2d, and that, when a subsequent order was given to purchase a similar number of shares to cover such short sale, the broker refused to execute it, and the plaintiff thereby lost the benefit of a lower price to which the stock had fallen when such purchase was ordered. The defense was that the order for sale closed out the account plaintiff had with the defendant, and was not a short sale, and there was, therefore, no purchase needed to cover that account, and so the order was not executed. On the trial, the defendant produced his books, which showed, on plaintiff's account, a purchase of 50 shares on June 29th at 39, a sale of 50 shares on July 1st at $39\frac{1}{8}$, a purchase of 50 shares on July 1st at $38\frac{3}{4}$, a sale of 50 shares on July 1st at $39\frac{1}{8}$, and a sale of 50 shares on July 2d at $39\frac{1}{8}$. This would show as to the last transaction a sale of stock which was not on hand, and consequently a short sale, and thus supports the plaintiff's contention that his subsequent order on July 10th, to purchase 50 shares at $33\frac{1}{2}$, was to cover a short sale. The defendant called as his witness his manager, Mr. Kelly, who testified that this entry of a sale on July 2d was a duplicate entry, made by mistake, and that no such order was given by plaintiff. The defendant's bookkeeper, who made the entry, was not called as a witness, and the court charged the jury:

"If there is any witness who could have been produced, and whose testimony, if he was produced, would have been favorable to either party, the failure of the party to produce that witness may be considered by the jury as evidence of the fact that, if that witness had been produced, his testimony would have been adverse to that party."

To this instruction the defendant excepted, and, the verdict having been given for the plaintiff, it is contended that a new trial should be granted for error in the charge.

It has been held that, where one party to an action, knowing the truth of the matter in controversy, and having the evidence in his possession, omits to speak, every inference warranted by the evidence offered will be indulged in against him. This was held in a case where two corporations were sued as joint contractors, and they offered no evidence to show what contractual relation they bore to each other. Wylde v. Railroad Co., 53 N. Y. 156. On the other hand, it has been held that it is not the duty of a party to a civil action to call every person as a witness who may give material evidence in his favor, and the mere omission to call a witness who has no other or better knowledge of the matter in dispute than those who are produced and give evidence. is not necessarily so suspicious as to authorize an inference that the testimony of the witness, if he had been produced, would have been adverse to the party. This was held in an action against co-partners, where one only went on the stand. It was held error to charge the jury that it was the duty of defendants to produce the other defendant as a witness, and, not having done so, that the jury might infer that his evidence would have been prejudicial to them. Bleecker v. Johnston, 69 N. Y. 309.

In the present case the defendant produced his books, and called as a witness the manager of the office in which the transactions were had with the plaintiff. Defendant was not, therefore, suppressing any evidence in his possession, and there was no ground for applying the stringent rule that a presumption to his disadvantage might be indulged by the jury. The failure to produce the bookkeeper was not an omission to produce the best evidence, for, if the bookkeeper knew as much about the orders given as the manager (which was not altogether apparent), the evidence of the former would have been of the same degree as the latter's, and his testimony would have been cumulative. Last case, page 312. The rule in the case last cited, as laid down by the court, was that:

"The nonattendance of the absent defendant may have been a proper subject of remark, and for consideration by the jury; and if they, under all the circumstances, thought his absence suspicious, they might take a less favorable view of the testimony on the part of the defense. But this was the extent to which the plaintiff was entitled to any benefit from the circumstance."

Whether the same rule would apply where the absent witness is not a party to the action, but is an employé, admits of some question; but, taking the view most favorable to the plaintiff in this case, it is clear that the court went much further in commenting upon the absence of the bookkeeper than would have been justified in the case of an absent party, for, instead of leaving it to the jury to say whether, under the circumstances, the absence of the witness was suspicious, and leaving it to them to take or not a less favorable view of the testimony on the part of the defense for that reason, he charged the jury, in effect, that the failure of the defendant to produce the bookkeeper might be considered as evidence of the fact that, if that witness had been produced, his testimony would have been adverse to the defendant, "thus permitting the jury to give the plaintiff the benefit of the evidence of the unsworn witness as if he had given evidence in his favor"; and this was error. Case last cited, page 313.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.