### HENRY v. BABCOCK & WILCOX CO.

(Supreme Court, Appellate Division, First Department.    April 10, 1908.).

CORPORATIONS—FOREIGN CORPORATIONS—INSPECTION OF BOOKS—STATUTORY PROVISIONS—RIGHT TO REFUSE INSPECTION.

   The Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, as amended by Laws 1897, p. 314, c. 384, requires the transfer agent of a foreign corporation to keep a stock book and at all times during business hours to exhibit to any stockholder, when required by him, the transfer book and a list of the stockholders, and provides a penalty for violation of the provisions; but there is no provision similar to that contained in section 29, p. 1831, c. 688, Laws 1892, relating to domestic corporations, authorizing stockholders and judgment creditors to make extracts from the stock books. A stockholder in a foreign corporation requested the right to inspect the stock book, and copy therefrom the names and addresses of the stockholders, etc., but, when asked his purpose, refused to state it, and, on being denied the requested privilege, sued for the penalty. Held, that there could be no recovery.

   Laughlin and Houghton, JJ., dissenting.

Submission on an agreed statement of facts of a controversy between Robert E. Henry and Babcock & Wilcox Company. Judgment for defendant.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

William M. Bennett, for plaintiff.

Charles J. Fay, for defendant.

McLAUGHLIN, J.   The defendant is a foreign corporation (not a moneyed or a railroad corporation) having an authorized capital stock of $15,000,000, divided into 150,000 shares of the par value of $100 each. It has an office for the transaction of business in the city of New York, where it keeps a stock book as required by section 53 of the stock corporation law (chapter 688, p. 1840, § 53, Laws 1892, as amended by chapter 384, p. 314, Laws 1897). On the 17th of January, 1908, during business hours, the plaintiff, who is the holder of one share of stock, requested that the treasurer of the company, who had charge of the stock book, allow him to inspect the same and copy therefrom the names and addresses of the stockholders, together with the number of shares held by them, respectively. When such request was made, the treasurer asked the plaintiff:

"Q. What is your purpose in requesting permission to inspect the stock book and take a list of the stockholders therefrom?"

The plaintiff replied:

"My understanding of the law is that my right is absolute, and that I do not have to tell you my purpose, and I therefore decline to state my purpose."

Whereupon the treasurer responded:

"If you will tell me your purpose, and if such purpose appears to me to be proper, I will then allow you to inspect the stock book; but not otherwise."

The plaintiff again declined to state his purpose, and was not permitted to inspect the book and copy the names of the stockholders. He now seeks by this submission to recover from the corporation the penalty of $250 prescribed by the statute above referred to for the refusal to permit such inspection.

The statute provides (section 53, supra) that:

"Such stock book shall be open daily during business hours for the inspection of its stockholders and judgment creditors. * * *"

We have recently held that the court may in its discretion refuse to compel by mandamus either a foreign or domestic corporation to produce its stock book for inspection by a stockholder where it does not appear that such inspection is sought for a legitimate purpose. People ex rel. Lorge v. Consolidated National Bank, 105 App. Div. 409, 94 N. Y. Supp. 173; People ex rel. Althause v. Giroux Consolidated Mines Co., 122 App. Div. 617, 107 N. Y. Supp. 188; People ex rel. Hunter v. National Park Bank, 122 App. Div. 635, 107 N. Y. Supp. 369. These cases are to be distinguished from the present one, in that in them application was made for a writ of mandamus the issuance of which rests in judicial discretion, but I do not see why the rule there announced should not be adopted here. The statute, I think, was intended to confer the right upon a stockholder to inspect the stock book for the purpose of protecting his interest in the corporation, and not to injure it, or to further an interest independent of and not connected with it. I cannot believe that the Legislature intended that a person by purchasing one share of stock out of an authorized issue of 150,000 should thereby acquire the right to inspect the stock book during business hours for as many days as he might see fit, and copy the names and addresses of the stockholders for purposes purely personal, not connected in any way with the corporation or to protect the applicant's interest therein. People ex rel. Althause v. Giroux Consolidated Mines Co., supra. And whenever application is made to inspect and the motive of the applicant is questioned, he should make known what the motive is, so that the person having the book in charge may refuse to produce it if the purpose is to work an injury to the corporation, or is purely personal to the applicant, and not connected with any interest which he has in the corporation. Here the plaintiff knew what his motive was. He refused to disclose it, and it is fairly to be inferred from that fact that the motive was not a proper one. Wylde v. Northern R. Co. of New Jersey, 53 N. Y. 156; Matter of Randel, 158 N. Y. 219, 52 N. E. 1106; Nutting v. Kings County El. Ry. Co., 21 App. Div. 771, 47 N. Y. Supp. 327. His motive having been questioned, he was bound to disclose it and show that it was necessary for him to have the information and to make the extracts in order to properly protect his interest in the corporation itself. Matter of Latimer v. Herzog Teleseme Co., 75 App. Div. 522, 78 N. Y. Supp. 314; Matter of Taylor v. Citizens' Nat. Bank of Saratoga Springs, 117 App. Div. 348, 101 N. Y. Supp.

1039. The request was also properly denied, for the reason that the statute does not expressly confer the right upon a stockholder to copy from the book the names and addresses. As was pointed out in People ex rel. Althause v. Giroux Consolidated Mines Co., supra, section 53, relating to a foreign corporation, is different in this respect from section 29, which relates to a domestic corporation. Section 29 provides that:

"The stock book * * * shall be open daily * * * for the inspection of its stockholders and judgment creditors *who may make extracts therefrom*."

The italicized words were omitted from section 53. This is significant, but it has been intimated that the right to inspect carries with it by implication the right to make extracts (People ex rel. Lorge v. Consolidated National Bank, supra), though that decision is not based on section 53. It is also there said that "the court has power to withhold an inspection for an illegitimate purpose." In the present case, however, we are considering the penal side of the statute, and the general rule is that a penal statute cannot be extended by implication, but is to be strictly construed. From this it would seem to follow that a penalty cannot be imposed upon a foreign corporation under section 53 for refusal to allow a stockholder to copy from the stock book, so that if it be conceded that the corporation would be liable for the penalty if it refused to allow the plaintiff to inspect, which I do not think it would under the facts here presented, it cannot be held liable for there was no demand to inspect the book which can be separated from the demand to be allowed to copy therefrom. It cannot be said that the corporation refused to allow plaintiff to inspect its stock book. The refusal was to plaintiff's demand to both inspect and copy.

The defendant, therefore, is entitled to judgment, with costs.

SCOTT, J., concurs in second ground stated. PATTERSON, P. J., concurs in result.

LAUGHLIN, J. (dissenting). I am of opinion that the facts bring the case clearly within the provisions of section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688, amended by Laws 1897, p. 314, c. 384). That section provides that a stockholder of a foreign corporation having an office for the transaction of business in this state shall be entitled to inspect the stock book which is required to be kept, and that for any refusal to allow such inspection the corporation and the officer or agent so refusing shall each forfeit the sum of $250, to be recovered by the stockholder. The cases in which the courts have refused a mandamus to compel such inspection are not controlling; for the court is vested with certain judicial discretion in issuing that writ. The cause of action accrued notwithstanding the fact that the demand was not only for leave to inspect, but for leave to copy. The right to inspect necessarily embraces the right to take a memorandum or copy of the record which the party has the right to inspect; for otherwise the inspection would be of little value and the purpose of the inspection would be thwarted. Cotheal v. Brouwer,

5 N. Y. 562; People ex rel. Lorge v. Consolidated National Bank, 105 App. Div. 409, 94 N. Y. Supp. 173.

I am therefore of opinion that the plaintiff is entitled to judgment for $250, together with the costs of the action.

HOUGHTON, J. (dissenting). Although section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688, amended by Laws 1897, p. 314, c. 384), dealing with foreign corporations, does not provide, as does section 29, p. 1830, c. 688, Laws 1892, relative to domestic corporations, that the stockholder may make extracts from the stock book, it seems to me that in giving the right to inspect such book of a foreign corporation required to be kept if it has an office for the transaction of business in this state the Legislature must have intended to give the right to make extracts as an incident to the right of inspection, which it granted. For the reasons stated by me in my dissenting opinion in People ex rel. Hunter v. National Park Bank, 122 App. Div. 641, 107 N. Y. Supp. 369, I think the plaintiff had the absolute right of inspection and of making extracts, and I therefore dissent from a direction of judgment for defendant, and vote for judgment for plaintiff.