(61 Misc. Rep. 279.)

### FULLER v. O'CONNOR et al.

(Supreme Court, Appellate Term. December 9, 1908.)

CORPORATIONS (§ 181*)—STOCKHOLDERS' RIGHTS—STATUTES—APPLICATION.

Stock Corporation Law (Laws 1892, p. 1840, c. 688) § 53, requiring corporations having an office within the city to keep a stock book containing certain information, and imposing a penalty for refusing to permit inspection thereof by stockholders, presupposes that the corporation has a business office or abode, and does not apply to a corporation, the business of which has ceased; its books being deposited in another office, where plaintiff found two of its officers.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 181.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Albert M. Fuller against Cornelius O'Connor and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

Dix W. Noel (Garrard Glenn, of counsel), for appellants.
John Thomas Smith, for respondent.

PER CURIAM. The plaintiff has recovered a penalty under section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688), providing that every foreign stock corporation (except moneyed and railroad) having an office for the transaction of business within this state shall keep a stock book, containing certain information, which shall be open daily during business hours for the inspection of its stockholders, and that for any refusal to allow such book to be inspected the corporation and the officer so refusing shall forfeit $250 recoverable by the person to whom refusal was made. Liability thereunder presupposes transaction of business and an office, not a mere shelter, but a business abode with one or more officers employed, with office, and perhaps clerical, equipment. All were wanting. The corporate franchise had not lapsed, the officers had not abdicated, but the corporation's business had ceased, and it had given up its office and deposited its books in the corner of a stockbrokerage office where the plaintiff found two of the officers, and made his demand in writing, also orally. He asserts grievance because these two men did not leave their occupations, and between two ticks of the clock, as it were, comply with his demand. They did not evince unwillingness to afford him what he wanted. The very circumstances evoked questions as to their duties and his rights. Then, too, in his demand in writing he asked too much (Henry v. Babcock & Wilcox Co., 125 App. Div. 538, 109 N. Y. Supp. 853), asked what they might be criticised for

offering him. What he demanded orally was a repetition of his writing as they seem to have understood it. They asked advice of counsel, and the gentleman they inquired of the same night or the following morning mailed a list of the stockholders to the plaintiff, who returned thanks with a request for the stockholders' addresses, but he had instituted this action before his request came. The judgment should be reversed. The plaintiff did not make out a cause of action. for the penalty.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.

