HOLLAMAN v. EL ARCO MINES CO. et al.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

1. CORPORATIONS (§ 650*)—STOCKHOLDERS—RIGHTS—INSPECTION OF BOOKS—PURPOSE.

Stock Corporation Law (Consol. Laws, c. 59) § 33, requiring any foreign corporation having an office in New York to keep a stockbook containing the list of stockholders, showing their residences and number of shares held by them, which book shall be opened daily for the inspection of stockholders, and imposing a penalty for refusing, recoverable by the person denied the right, gives the stockholder the absolute right to inspect the stockbook without stating the purpose of his inspection, and the right to copy therefrom the names and residences of the stockholders as an aid to his memory.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2517; Dec. Dig. § 650.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Courts (§ 100*)—Decisions—Effect of Reversal—Construction of Statute—Acts in Conformity to Construction.

Code Civ. Proc. § 1961, provides that whenever, by the decision of the Appellate Division of the Supreme Court, a construction is given to a statute, an act done in good faith, and in conformity to that construction, after the decision was made and before reversal thereof by the Court of Appeals, is so far valid that the party doing it is not liable to any penalty or forfeiture for an act that was adjudged lawful by such decision. At the time defendant, a foreign corporation maintaining an office in New York, refused to allow plaintiff, a stockholder, to examine the corporation's stockbooks and copy the names and addresses of stockholders, as authorized by Stock Corporation Law (Consol. Laws, c. 59) § 33, providing a penalty for the refusal thereof, an unreversed decision of the Appellate Division determined that there could be no recovery in an action to enforce such penalty in case of a joint demand for an inspection of the book and to copy the names and addresses of stockholders, refused because it did not appear that the inspection was sought for a legitimate purpose. Held, that defendants, in refusing a stockholder's demand for inspection and to copy the names and addresses of stockholders, having acted pursuant to such decision, were not liable for the penalty prescribed, on the reversal thereof by the Court of Appeals and it being subsequently determined that plaintiffs were entitled to the rights demanded.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 341; Dec. Dig. § 100.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Rich W. Hollaman against the El Arco Mines Company and another. From a judgment dismissing plaintiff's complaint, and from an order denying his motion for a new trial, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

J. Aspinwall Hodge, for appellant.

Conrad Saxe Keyes (Alfred L. Marilley, on the brief), for respondents.

THOMAS, J. The action is to recover a penalty of $250 from the defendants for refusal to allow an inspection of defendants' stockbook, pursuant to article 3, § 33, c. 59, Consol. Laws 1909. The defendant company is a foreign corporation, having an office for the transaction of business in this state, where it keeps its stockbook and performs the principal business related thereto. The plaintiff became the owner of 500 shares of the stock of the company about March, 1909, and on March 12th demanded an inspection of the stockbook from the defendant Zetterlund, treasurer, at No. 225 Fifth avenue, New York, and on July 22, 1909, renewed his demand, with the added request that he might copy the names of the stockholders and their places of residence. Plaintiff testified:

"I told Mr. Zetterlund that I was a stockholder of the El Arco Mines Company, and that I desired to see the stockbook, as I wished to get a list of the stockholders. He then replied that he wouldn't show me such a list unless I told him what I wished it for. I stated that I wanted to see who the stockholders were and get their addresses, so I could communicate with them and see if they were satisfied with the present management of the company. * * * He replied that he wouldn't let me see such a list, but that if I

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would state my reasons in writing he would submit it to his counsel, and he said that his counsel had advised him that just as many times in court it was held that you couldn't see the list as that you could. * * * He said he knew what I wanted to see it for, and he wouldn't show it to me."

Zetterlund testified:

"Mr. Hollaman came in our office and said: 'I want to see the company's books.' As his request was rather broad, I hesitated. Finally he came down to demand the stock ledger or stockbook, I don't know which, and I told him that, inasmuch as I was aware of the fact that he was bending all his efforts against the best interests of the stockholders of the El Arco Mines Company, I wanted him to give me a written application for the book, and to state therein the purpose for which he wanted to know the names and addresses of all of the stockholders, and I also told him that I couldn't act upon such application at that moment, but that I had to refer same to the company's attorneys. * * * He told me that he didn't have to have a written order, and I told him that it was no more than fair that he should, and with that the conversation ended, and he left the office, saying that he would see about it."

In People ex rel. Callanan v. K., etc., R. R. Co., 106 App. Div. 349, 94 N. Y. Supp. 555 (Third Department), it was held:

"The motives actuating a stockholder in demanding an inspection of the stockbook are immaterial."

The court below refused a peremptory writ of mandamus to compel such inspection; but the court on appeal held that the relator was entitled to it. This decision was made in June, 1905, and on December 6, 1907, in People ex rel. Hunter v. Nat. Park Bank, 122 App. Div. 635, 107 N. Y. Supp. 369, it was held that:

"The granting of the writ is in the discretion of the court, and may be denied where the application is not made in good faith, but for ulterior purpose, and to aid undisclosed persons in some undisclosed scheme against the corporation."

This opinion quotes from Matter of Steinway, 159 N. Y. 250, 263, 53 N. E. 1103, 1107, 45 L. R. A. 461, where, after discussing the right at common law of a stockholder to an inspection of the books of a corporation in which he is a stockholder, it is said:

"To the extent, however, that an absolute right is conferred by statute, nothing is left to the discretion of the court; but the writ should issue as a matter of course, although even then, doubtless, due precautions may be taken as to time and place, so as to prevent interruption of business, or other serious inconvenience."

And the court states:

"I do not think it was intended to hold that the court had no discretion to refuse a mandamus, where the application was not made in good faith, but for an ulterior purpose, and to aid undisclosed persons in undisclosed schemes against a corporation."

In April, 1908, in Henry v. Babcock & Wilcox Co., 125 App. Div. 538, 109 N. Y. Supp. 853, it was decided that:

"There can be no recovery in an action to enforce the penalty for a refusal to allow a stockholder to investigate the stockbook and copy therefrom the names and addresses of the stockholders, together with the number of shares held by them, for there was no demand to investigate which could be separated from the demand to be allowed to copy."

In the opinion it was said:

"We have recently held that the court may, in its discretion, refuse to compel by mandamus either a foreign or domestic corporation to produce its stockbook for inspection by a stockholder, where it does not appear that such inspection is sought for a legitimate purpose."

And the court, referring to cases cited, adds:

"These cases are to be distinguished from the present one, in that in them application was made for a writ of mandamus, the issuance of which rests in judicial discretion; but I do not see why the rule there announced should not be adopted here. * * * And whenever application is made to inspect, and the motive of the applicant is questioned, he should make known what the motive is, so that the person having the book in charge may refuse to produce it if the purpose is to work an injury to the corporation, or is purely personal to the applicant, and not connected with any interest which he has in the corporation. Here the plaintiff knew what his motive was. He refused to disclose it, and it is fairly to be inferred, from that fact, that the motive was not a proper one. * * * His motive having been questioned, he was bound to disclose it, and show that it was necessary for him to have the information and to make the extracts in order to properly protect his interest in the corporation itself."

So the statute has been interpreted at the time of the event under consideration. The case of Henry v. Babcock & Wilcox Company was reversed by the Court of Appeals in November, 1909 (196 N. Y. 302, 89 N. E. 942), where it was decided that:

"Section 53 of the stock corporation law recognizes an absolute right in a stockholder to inspect the books of a corporation, and imposes an absolute duty upon the corporation and the custodian of the stockbook to permit such inspection. The stockholder has a right to take memoranda therefrom in the course of his examination, in order to assist his recollection."

Section 1961 of the Code reads:

"Whenever, by the decision of the Appellate Division of the Supreme Court, a construction is given to a statute, an act done, in good faith, and in conformity to that construction, after the decision was made, and before a reversal thereof by the Court of Appeals, is so far valid, that the party doing it is not liable to any penalty or forfeiture, for an act that was adjudged lawful by the decision of the court below. But this section does not control or affect the decision of the Court of Appeals, upon an appeal actually taken before the reversal."

Whatever may be the meaning of the last sentence, the fact remains that the Appellate Division, in Henry v. Babcock & Wilcox Company, had construed this statute in an action for a penalty, so as to excuse the defendants in refusing examination of the book if they brought themselves within it. The decision denied the right of the stockholder to copy from the book the names and addresses, and held that the demand to so copy could not be separated from a conjoined demand to inspect. So in the present case the demand was to see the stockbook and get a list of the stockholders. Plaintiff gave a legitimate reason for wishing the names and addresses, as he wished to communicate with other stockholders in reference to the conduct of the company. The decision on which defendants rely was erroneous; but it interpreted the defendants' duty and rights at the time of the refusal, on which the recovery of the penalty is sought to be predicated.

The judgment and order of the Municipal Court should be affirmed, with costs. All concur.