Rodenbeck, J.
The letters of the defendant objected to upon the trial were properly received. They were reply letters, and in such a case the rule is that the ‘ ‘ arrival by mail of a reply purporting to be from the addressee of a prior letter, duly addressed and mailed, are sufficient evidence of the reply’s genuineness to go to the jury.” Wigm. Ev. § 2153; Greenl. Ev. § 575c; Whart. Ev. § 1328; 17 Cyc. 411; 20 Cent. Dig. 2331; 8 Am. Dig. 1104. Where a letter is not a reply letter it must be authenticated, whether it be from an individual or from a corporation, but where it is a letter received by due course of mail purporting to come in answer from the party to whom a prior letter had been sent, no. authentication is necessary. This rulé is *283 required in the interest of convenience and simplicity in legal procedure and the reasonable transaction of complex business relations. A reply letter thus presented furnishes prima facie evidence sufficient to go to the jury which the opposing party must meet, or accept the conclusion of the jury thereon.
There was no direct proof, of non-delivery of the package shipped from Rochester, but this fact may be established by indirect evidence. On November 27, 1917, the plaintiff wrote the defendant asking it to trace and show delivery of the shipment and stated that the letter would constitute its claim in case of loss. No reply having been received, the plaintiff on December 20,1917, wrote the defendant again requesting it to trace and show delivery of the shipment. Not having received a reply, the plaintiff on January 23, 1918, wrote the defendant urging upon it the necessity of tracing the shipment at once and saying that it expected a reply within ten days. Not hearing from the defendant, the plaintiff on March 6,1918, wrote the defendant saying that not having received replies to its former communications, it had decided to enter a formal claim and inclosed a bill for the shipment. This letter brought a reply from the defendant’s agent dated March 11, 1918, asking that it be furnished with a certified copy of the original invoice and a copy of the express receipt, returning all papers ‘ ‘ promptly ’ ’ for further investigation. The plaintiff on March 16,1918, sent a letter to the defendant inclosing express receipt and certified copy of the original invoice as requested in defendant’s letter of March eleventh. The defendant’s agent on March 26, 1918, wrote the plaintiff asking it to “ please furnish us with statement charging this shipment to this company.” On April 3,1918, the plaintiff sent a letter to the defendant as requested in a prior communication, charging the shipment to the *284 defendant. The only inference that can he drawn from these letters is that the machine had not been delivered. After the case was closed and the defendant omitted to show the authority of the person writing the letters or to prove a delivery, the jury was justified in drawing such reasonable inferences as the evidence before them warranted. Wylde v. Northern R. R. Co., 53 N. Y. 156; Dowling v. Hastings, 211 id. 199, 202. The letters and conduct of the defendant are sufficient to lead any reasonable man to believe that the goods had not been delivered and, therefore, sufficient to submit to the jury upon the question of non-delivery. No direct evidence or positive admission by defendant was necessary, but only such evidence as would be sufficient for a reasonable man to draw a conclusion of non-delivery.
Motion denied, with ten dollars costs.