ANNA MEIERS, Respondent, *against* THE METROPOLITAN GAS LIGHT COMPANY, Appellant.

(Decided June 5th, 1882.)

The provision of L. 1859, c. 311, § 6, imposing a penalty upon a gas light company which for the space of ten days after the application, &c., for a supply of gas, as provided by the act, shall refuse or neglect to supply gas as required, applies not merely to a refusal to receive such an application and to supply gas thereon, but also to a failure to give a continuous supply of gas upon a proper application, after such application has been accepted, although there is no failure to supply gas within ten days after such acceptance.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The plaintiff in this action, being the occupant of the building No. 1532 Broadway, in the City of New York, made an application to the defendant, through her husband

as her agent, for the supply of gas. The application was put in writing, and signed by the husband in the name of the wife, and he made a deposit of $10 with the gas company; he thereupon received a receipt for the $10, which he carried home and gave to his wife. The company thereupon supplied gas from the 17th of March to the 12th of the following April, upon which day the defendant ceased and refused to supply such gas for the term of 103 days.

Upon these facts the plaintiff brought her action to recover the penalty imposed by section 6 of chapter 311 of the laws of 1859. A verdict having been rendered in favor of the plaintiff, from the judgment thereupon entered the defendant appealed.

*Hamilton Cole*, for appellant.

*William C. Clifford*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—The section under which this action is brought reads as follows : " Upon the application, in writing, of the owner or occupant of any building or premises within 100 feet of any main laid down by any such gaslight company, and payment of all money due from him to the company, the company shall supply gas as may be required for lighting such building or premises, notwithstanding there may be rent or compensation in arrear for gas supplied, or for meter, pipe or fittings furnished to a former occupant thereof, unless such owner or occupant shall have undertaken or agreed with the former occupant to pay or to exonerate him from the payment of such arrears, and shall refuse or neglect to pay the same ; and if, for the space of ten days after such application and the deposit of a reasonable sum, as in this act provided (if required), the company shall refuse or neglect to supply gas, as required, the company shall forfeit and pay to such applicant the sum of ten dollars, and the further sum of five dollars for every day thereafter during which such refusal or neglect shall continue . . . . ." and the

objection to the recovery raised by defendants' counsel is that the penalty provided by the section only applies in case of a refusal to receive an application and to supply gas; and it is urged that as the statute is a penal statute it must be strictly construed.

It may be true that the statute is susceptible of the construction claimed by the defendants, but a consideration of the objects sought to be attained by the legislature, and the results of the construction claimed by the defendants seem to me to prevent such interpretation.

It is a familiar rule of law that a penal statute is to be strictly construed; but it is also a well settled rule in the construction of these statutes that if a particular case comes within the intention of the makers of the statute, it is within the statute, though by a literal construction it may not be within its letter (*Sickles* v. *Sharp*, 13 Johns. 497; *United States* v. *Wilberger*, 5 Wheat. 76).

It was manifestly the intention of the legislature, by the statute in question, in view of the privileges and franchises which the gas companies enjoyed, to prevent them from arbitrarily harassing or annoying the persons who desired to use the gas as manufactured by them, by a cutting off of the supply of the gas without any reasonable cause; and to give the consumer an adequate and certain remedy in case of a refusal to supply gas upon request.

If the construction of the statute is as claimed by the defendant, then in the case of an application for the supply of gas, the company, in order to avoid the penalty, may supply the gas for one day, and then cut it off; the consumer would be obliged to make another written application, and the company could, nine days thereafter, commence to supply the gas again for one day, and then cut it off; and so continue, and yet not be liable under the letter of the statute for any penalty imposed thereby.

It is urged by the counsel for the defendant that, in case of a neglect to supply gas after a written application has been accepted, the remedy of the consumer is for damages for a breach of the contract. The uncertainty of such a

litigation, the impossibility of proving by any specific evidence the damages sustained, would seem to have been at least one of the reasons for fixing a penalty for a failure to supply gas, as has been done by the statute in question.

It seems to me that a fair consideration of the objects. sought to be obtained by the legislature, and the fair interpretation of the statute, justify the construction that the refusal to give a continuous supply of gas upon such an application is a breach of the provisions of the statute, and makes the company liable for the penalty. Such, undoubtedly, was the opinion of the Supreme Court, in the action which was before the General Term in that court, or they would not have ordered a new trial when, upon the conceded facts, the plaintiffs could not possibly recover. It seems to me that such a construction is in entire harmony with the language of the statute, and is in conflict with no rule of law in respect to the interpretation of the statutes.

The judgment should therefore be affirmed, with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment and order affirmed, with costs.