GEORGE G. KENYON, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY and THE SYRACUSE, ONTARIO AND NEW YORK RAILWAY COMPANY, Appellants.

*Trespass — only damages sustained before the commencement of the action are recoverable — damages where the title to land extends to the center of a street which is occupied by railroad tracks.*

In an action brought to recover damages for trespasses upon real estate only such damages can be recovered as have been already sustained when the action is begun, and it is improper to award damages down to the date of the entry of judgment.

Where the alleged trespasses have been committed by a railroad company in laying its tracks south of the center line of a street, on the south side of which the plaintiff owns property, the title to the fee of which extends to the center of the street, it is improper to measure the damages by the statement of witnesses as to the rental value of two narrow strips of land, each less than five feet in width, occupied for such tracks, there being no evidence tending to show that lands so situated ever had been rented or could be rented for any purpose.

The measure of damages in such a case represents the injury to the plaintiff's entire premises, if any, and not the rental value of the lands occupied by the railroad company within the street, as disconnected from the land not in the street.

APPEAL by the defendants, The New York Central and Hudson River Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 23d day of September, 1897, upon the decision of the court, rendered after a trial at the Onondaga Special Term, separately stating the facts found and the conclusions of law.

*Louis L. Waters,* for the appellants.

*E. C. Wright,* for the respondent.

FOLLETT, J.:

This action was begun October 14, 1895, to recover damages for alleged trespasses committed by the defendants in Canal street in the city of Syracuse south of the center line of said street and to restrain defendants from operating their tracks. The plaintiff owns on the south side of Canal street three parcels of land, the west par-

cel having a frontage of 88 feet on the street (designated as No. 1 for convenience), a parcel next east having a frontage of 88 feet on the street (No. 2), and a parcel next east having a frontage of 132 feet on the street (No. 3); total frontage, 308 feet.

The plaintiff brought this action on the theory that he was the owner of the fee of the land within Canal street, lying south of the center line thereof and had been for more than six years prior to the bringing of the action. It was conceded on the trial, and was so found by the court, that, as to No. 2, the plaintiff never acquired title to the land in the street in front thereof until October 31, 1895, after this action was begun. As to this strip of land the court held that the plaintiff was entitled to recover for the use and occupation thereof from October 31, 1895, when title was acquired, down to the date of the entry of the judgment. The court found that the plaintiff acquired two-thirds of the title to parcel No. 3 by a deed dated April 2, 1881, and also found that by that deed and a deed executed by Beardsley N. Sperry, Julius C. Sperry and Dwight H. Sperry to the plaintiff in May, 1897, after the conclusion of the trial, the plaintiff acquired the remaining undivided third of parcel No. 3. As a conclusion of law it was found that the plaintiff was entitled to recover $500 damages for the use and occupation of Canal street in front of the three parcels of land above mentioned during six years last passed. The damages were not apportioned, and it is impossible to ascertain how much was awarded for damages to the first parcel, of which the plaintiff owns the entire title, and how much to the second parcel, for which the plaintiff had no right to recover any damages, or how much to the third parcel, of which it was held that the plaintiff owned an undivided two-thirds of the title. It is clear that a plaintiff cannot maintain an action to recover damages for trespass upon real estate which he does not own at the time the action is brought, and that his acquisition of title to land described in the complaint while the suit is pending gives him no right of action to recover damages for trespass on such land. His right of action must be complete when his action is begun.

In actions to recover damages for trespasses upon real estate only such can be recovered as were sustained when the action was begun, and it was error to award damages down to the date of the entry of

judgment.  (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *Metropolitan El. Ry. Co.*, 112 id. 186; *Ottenot* v. *N. Y., L. & W. Ry. Co.*, 119 id. 603; *Tallman* v. *Metropolitan El. R. R. Co.*, 121 id. 119.)

Again, I think the damages awarded for trespasses — past damages — excessive.  The plaintiff sought to measure those damages by producing witnesses, who testified to the rental value of two narrow strips of land, each less than five feet in width lying just south of the center line of the street and occupied by the defendants for two railroad tracks, which it seems to me was an inappropriate and impossible rule.  Two parallel strips of land lying near the center of a city street had no rental value, for such strips could not be rented. There was no evidence tending to show that land so situated ever had been rented, nor was there any evidence that land so situated could be rented for any purpose.  The plaintiff does not assert, but, on the contrary, admits that the trespasses upon these two strips of land in the public street did not injuriously affect his land south of the south side of the street, because the operation of the road in the street conferred benefits on his land.  The measure of damages in this action for trespasses was the injury to the plaintiff's entire premises, if any, and it was not competent for him to attempt to show the rental value of the land occupied by the defendants within the street as disconnected from the land not in the street.  The evidence in respect to the damages was pure speculation and afforded no foundation for an award for more than nominal damages.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concurred.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.