(41 App. Div. 245.)

### COMESKY v. POSTAL TELEGRAPH CABLE CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. INJUNCTION—FINDING BY JURY—CONCLUSIVENESS.
    An action to enjoin the maintenance of telegraph poles in a street, being equitable, a finding of a jury as to the amount of plaintiff's damages is not conclusive on the court.

2. EVIDENCE—OPINION EVIDENCE.
    Opinion evidence is incompetent to prove the depreciation in value caused by the erection of telegraph poles in front of plaintiff's property.

3. TELEGRAPH POLES—DEPRECIATION IN VALUE OF PROPERTY—DAMAGES.
    In an action at law to recover damages for the erection of telegraph poles in front of plaintiff's premises, only damages accruing up to the time of bringing the action, and not depreciation in value caused by the permanent maintenance of the poles, can be recovered.

Appeal from trial term, Rockland county.

Action by Frank Comesky against the Postal Telegraph Cable Company. From an order of the trial term setting aside a verdict for plaintiff, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Arthur S. Tompkins, for appellant.
William W. Cook, for respondent.

CULLEN, J. This action was brought by the plaintiff, as owner of land abutting upon the highway, for the recovery of damages caused

by the erection of two telegraph poles in the highway in front of his premises, and also to enjoin the further maintenance of the poles. The action was brought on for trial before a jury at the trial term, and a verdict rendered for the plaintiff in the sum of $250. A motion for a new trial having been made, the court set aside the verdict as excessive, and from that order this appeal is taken.

We think, in any view of the case, the order of the court should be upheld. As the plaintiff prayed for an injunction, the action may be considered as in equity to enjoin a continuing trespass or nuisance. If it was an equity action, then the verdict of the jury was not conclusive on the decision of the court. "The court may adopt the verdict and find accordingly, or may disregard it, and make its own findings, and when the case comes up on appeal it is to be reviewed on the findings and decisions of the court as if there had been no submission of any fact to the jury." Carroll v. Deimel, 95 N. Y. 252; Birdsall v. Patterson, 51 N. Y. 43; Colie v. Tifft, 47 N. Y. 119. But if we take the other view of the action, and hold that having been brought on for trial before a jury the plaintiff waived his claim for equitable relief, and the action is to be considered one at law for damages, there was an error committed at the trial which was fatal to the stability of the verdict rendered. The plaintiff, against the objection and exception of the defendant, was allowed to prove, by the opinion of a witness, the depreciation of the value of his property occasioned by the erection and maintenance of the poles. Opinion evidence was incompetent to prove this fact. Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. 486. But the fact itself was not competent. In an action at law, either for a trespass or a nuisance, the plaintiff may recover only his damages up to the time of bringing the action. It is only in an equity action that he can recover for damages caused to the fee of his property by the permanent maintenance of the nuisance or continuance of the trespass. Uline v. Railroad Co., 101 N. Y. 98, 4 N. E. 536. These views render it unnecessary to examine the other questions argued by the parties on this appeal.

The order appealed from should be affirmed, with costs. All concur.