(119 App. Div. 61)

### SHELLEY v. WESTCHESTER LIGHTING CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

GAS—REFUSAL TO SUPPLY—WRITTEN APPLICATION—PENALTY.

Laws 1890, p. 1148, c. 566, § 65, imposes a penalty of $10 and $5 a day for a gas company's failure to furnish gas on the written application of a consumer. *Held*, that where a gas company commenced furnishing gas on plaintiff's oral application, and thereafter discontinued the supply because of a dispute over a bill, plaintiff, in the absence of a written application, was not entitled to recover the penalty.

Appeal from Trial Term, Westchester County.

Action by John A. B. Shelley against the Westchester Lighting Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Odell D. Tompkins, for appellant.
John Brooks Leavitt, for respondent.

MILLER, J. This is an action to recover the penalty provided by Laws 1890, p. 1148, c. 566, § 65. The defendant commenced supplying the plaintiff gas April 28, 1900, on his oral application. A dispute having arisen over a bill, on January 11, 1901, it removed the meter and discontinued said supply. The plaintiff made no written application, but waited 450 days, and then sued to recover the penalty of $10 and $5 per day. The dispute over the bill has been resolved by the jury in favor of the plaintiff, and the only question now involved is whether the plaintiff can maintain this action without first having made the written application provided by statute.

The learned counsel for the respondent contends that, by commencing to supply gas without a written application, the defendant waived it and became liable for the penalty immediately upon discontinuing the service. He admits that the precise question is an open one, but contends that the logic of Meiers v. Metropolitan Gaslight Co., 11 Daly,

119, requires a decision in his favor. That case only decided that where a proper written application was made the gas company became liable for the penalty, not merely for a refusal to supply gas on the application, but for the failure to continue the supply thereafter; and so this court, in this department, has recently decided. Hoch v. Brooklyn Borough Gas Co. (Sup.) 103 N. Y. S. 370. But that falls far short of deciding that a plaintiff can recover under a highly penal statute without complying with its plain provisions. I am unable to understand how the doctrine of waiver can be invoked in this case, and our attention is called to no authority having the remotest application to such a case. If the question involved some contractual obligation, the argument made would apply; but we cannot extend this penal statute by implication, nor by construction do away with the necessity of complying strictly with the conditions upon which the right to a penalty depends. While there is no case decisive of the question, I think the discussion in Jones v. Rochester Gas & El. Co., 168 N. Y. 65, 60 N. E. 1044, tends to support the appellant's contention. That case decided that the penalty, though continuous, was single, and that but one recovery could be had; hence, after bringing one action, the plaintiff could not maintain another without making a new application so as to set a new default running. Judge Cullen, at page 69 of 168 N. Y., page 1045 of 60 N. E., said:

"After bringing the first action, he could renew his application and set a new default running against the defendant. This latter course would apprise the defendant that the plaintiff still was desirous of receiving gas, and notified it that further refusal was at its peril."

In other words, the default contemplated by the statute is only set running by observance of the prescribed condition, to wit, a written application which will apprise the defendant that a further refusal will subject it to the peril of incurring the penalties prescribed, and undoubtedly that was one of the purposes of requiring such written application. The respondent contends that this construction defeats the purpose of the statute. Not at all. The statute gives the consumer the benefit of the penalty, and it imposes no hardship on him by requiring a written application if he intends to claim the penalty. I think it is obvious that the statute was intended, not so much to compel the company to supply gas in the first instance, as to put a weapon in the hands of the consumer which would put him on a more equal footing with the company when disputes should arise over the payment of bills. If so, the statute in plain words requires the consumer to give the corporation notice in writing of his intention to use that weapon. That this was at least one of the purposes of the statute is suggested by the requirement that the applicant pay all sums due from him to the corporation. The penalty is so severe that it must have been assumed by the framers of the statute that, just as the company had before the statute been able without any litigation to compel compliance with its exactions by the simple method of removing the meter, so after the statute the consumer by the simple method of serving a written notice would be able to obtain a supply of gas without complying with unjust and unfounded demands. The plaintiff's

long delay before beginning suit is suggestive to me of a desire for money, rather than gas, and I do not think the statute was intended to satisfy that desire.

I advise a reversal of the judgment and order. ·

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

(119 App. Div. 135)

PADOWER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department.  April 26, 1907.)

STREET RAILROADS—NEGLIGENCE—INJURIES TO PERSON ON TRACK—EVIDENCE.

In an action against a street railway for injuries received by plaintiff through being struck by defendant's car at a street crossing, evidence *held* insufficient to sustain a judgment for plaintiff.

Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.