signification, the box or temporary floor in question comes fairly within the meaning of "mechanical contrivances." The authorities cited upon the appellant's brief are distinguishable from the cases at bar.

Judgments affirmed, with costs.

---

(55 Misc. Rep. 105)

### SHELLY v. WESTCHESTER LIGHTING CO.

(Supreme Court, Special Term, Westchester County.  June 26, 1907.)

1. GAS—SUPPLY—REFUSAL TO FURNISH—WRITTEN APPLICATION—WAIVER.

Laws 1890, p. 1148, c. 566, § 65, provides that, on application in writing of the owner or occupant of any building or premises within 100 feet of any main laid by any gas lighting corporation, and payment by him of all money due from him to the corporation, the latter shall supply him with gas, and imposes a penalty for each day's delay in failing to do so. *Held*, that a complaint to recover penalties under such act, alleging that an application was made by plaintiff in writing, in the form required by defendant, and in the next paragraph stating that defendant waived written application, as required by the statute, was fatally defective, as a liability under the statute could not be predicated on a waiver of its conditions.

2. SAME—APPLICATION AFTER REFUSAL OF SERVICE.

Where defendant gas company, in compliance with plaintiff's written application for service, put in a gas meter, and began to supply gas to plaintiff's premises, and continued so to do for two or three days, when, without just cause or reasonable excuse, it cut off the gas and removed the meter, and refused to continue the supply, plaintiff was bound to make a new written application for service before she could recover the penalties prescribed by Laws 1890, p. 1148, c. 566, § 65, requiring gas companies to furnish service on written applications to the owners of premises located within 100 feet of a gas main.

Action by Annie Shelly against the Westchester Lighting Company. On demurrer to the complaint.  Sustained, with leave to plead over.

Taylor More, for plaintiff.

Odell. D. Tompkins, for defendant.

TOMPKINS, J.  This action is brought under chapter 566, p. 1136, Laws 1890, to recover $1,510 penalties, for a period of 300 days, for the defendant's alleged refusal to supply the plaintiff with gas. The defendant demurs to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.  The complaint alleges that an application was made by the plaintiff "in writing in a form as required by defendant."  In the next paragraph the complaint alleges that "said defendant waived written application, as required by said statute," and that thereafter the defendant put in a gas meter, and began to supply gas, as requested by the plaintiff, and continued so to do for two or three days, when the defendant, without any just cause or reasonable excuse, cut off said gas, disconnected and removed said gas meter, and refused to continue to supply the plaintiff with gas.

The defendant's duty to supply gas arises only—

"upon the application in writing, of the owner or occupant of any building or premises, within one hundred feet of any main laid down by any gas lighting corporation, or the wires of any electric light corporation, and payment by

him of all money due from him to the corporation." Section 65, p. 1148, c. 566, Laws 1890.

I think the demurrer must be sustained. The complaint fails to allege that a written application, in compliance with the statute, was ever made. On the contrary, the complaint alleges in the fourth paragraph thereof that the defendant waived the written application required by the statute. In a similar case (Shelley v. Westchester Lighting Company, 103 N. Y. Supp. 951) recently decided by the Appellate Division, Second Department, it was held that no liability under this highly penal statute could be predicated upon a waiver of the conditions, upon which the right to a penalty depends. To state a cause of action under this statute, the complaint must show that an application, substantially in the form fixed by the law, was made by the plaintiff to the defendant. The complaint fails to show that such an application was made, and in that respect fails to state a cause of action.

It appears from the complaint that, after the alleged waiver of the statutory application, and in compliance with an application made in writing, "in a form as required by the defendant," the defendant did put in a gas meter, and began to supply gas to the plaintiff's premises, and continued so to do for two or three days, when the defendant, without just cause or reasonable excuse, cut off said gas, disconnected and removed said gas meter, and refused to continue to supply plaintiff with gas; and it is upon that refusal that this action is based. No claim is made by the plaintiff that any application, in any form, for a supply of gas, was made by him after the cutting off of the supply. The only application made, and the alleged waiver of the statutory application, were before the defendant put in a meter or supplied any gas. The default contemplated by the statute, making the defendant liable for the penalty, is only set in motion by the making of the written application prescribed by the statute, and to make the defendant liable in this action it must appear that, after the defendant cut off the supply of gas, the plaintiff made such written application. In other words, there should have been a renewal of the application after the shut-off. The complaint contains no allegation of such an application, and in that respect, also, fails to state a cause of action.

Demurrer sustained, with leave to the plaintiff to plead over within 20 days on the payment of costs.