B. T. De Witt Miles, Respondent, *v.* Casualty Company of America, Appellant.

*Insurance — accident — pleading and proof — clauses of policy construed.*

A disability policy issued by defendant insured plaintiff under clause "G," entitled "blindness and paralysis indemnity," against paralysis, upon proof of its continuance for fifty-two successive weeks. Also under clause "H," for illness which should prevent him from performing the duties pertaining to his occupation, but for not more than twenty-six consecutive weeks. Plaintiff was

stricken with paralysis and disabled thereby for more than fifty-two consecutive weeks, but this action was brought before the expiration of that period. *Held,* that plaintiff could not recover under clause "G," as no cause of action thereunder existed at that time. That he could recover, however, under the allegations of the complaint, under clause "H" of the policy. The jury found for plaintiff in the amount to which he would have been entitled for fifty-two weeks under clause "G." *Held,* that a new trial must be granted unless plaintiff stipulated to reduce the judgment to the sum to which he was entitled under clause "H," entitled "sickness indemnity."

*Miles* v. *Casualty Co. of America,* 136 App. Div. 908, modified.

(Argued November 23, 1911; decided December 5, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 20, 1909, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John D. Teller* for appellant. The complaint should have been dismissed, for the reason that from the allegations of the complaint and the evidence given upon the trial, it appears that at the time of the commencement of the action there was no liability on the part of the defendant. (Code Civ. Pro. §§ 398, 416; *Haynes* v. *Onderdonk,* 2 Hun, 619; *Matter of Griswold,* 13 Barb. 412; *Milner* v. *Milner,* 2 Edw. Ch. 114; *Tiffany* v. *Bowerman,* 2 Hun, 642; *Wisner* v. *Ocumpaugh,* 71 N. Y. 113; *Prouty* v. *L. S. & M. S. R. Co.,* 85 N. Y. 276; *Dean* v. *M. E. R. Co.,* 119 N. Y. 545; *Straus* v. *Am. Pub. Assn.,* 96 App. Div. 316; *Butler* v. *Frontier Tel. Co.,* 186 N. Y. 486; *Schell* v. *Plumb,* 55 N. Y. 594; *Bostwick* v. *Menck,* 4 Daly, 69; *Bennett* v. *Lawson,* 71 App. Div. 414.)

*John L. Hunter* for respondent. The assured was not compelled to wait until the expiration of fifty-two weeks of continuing paralysis before bringing action on the

policy. (May on Ins. [4th ed.] 488; *N. T. Co.* v. *W. M. Ins. Co.*, 3 Blatchf. 241; *Cobb* v. *Ins. Co. of N. A.*, 11 Kans. 93; *Hagner* v. *A. P. L. Ins. Co.*, 4 J. & S. 211; *W. H. Ins. Co.* v. *Richardson*, 58 Neb. 597; *Phillips* v. *U. S. B. Society*, 79 Mich. 1; *Drilany* v. *F. & C. Co.*, 106 Md. 18; *B. Ins. Co.* v. *Loney*, 20 Md. 40; *Ins. Co.* v. *Davis*, 59 Kans. 525; *C. Ins. Co.* v. *Traub*, 80 Md. 214.) The defendant cannot avail itself of the defense that the action is prematurely brought unless it is pleaded. (Code Crim. Pro. § 413; *Eno* v. *Diefendorf*, 102 N. Y. 720; *Baumiller* v. *W. Co-Op. Assn.*, 29 N. Y. 26; *B. M. Ins. Co.* v. *Scales*, 49 Tex. App. 743; *Balliet* v. *Met. Life Ins. Co.*, 110 N. Y. 77; *McKyring* v. *Bull*, 16 N. Y. 297; *F. B. F. Ins. Assn.* v. *Kinsey*, 101 Va. 236.)

HAIGHT, J. On the 5th day of July, 1905, the defendant, in consideration of a premium of sixty dollars paid by the plaintiff, issued to him a disability policy in which the company undertook to insure the plaintiff against loss of life, limb, sight or time, in the principal sum of five thousand dollars and for a weekly indemnity of twenty-five dollars under the terms of the agreement specifically set forth, for a period of twelve months. The policy contained, among other provisions, the following:

"G. Blindness and paralysis indemnity. In case the assured shall, during the term of this insurance, contract any disease, that shall not result in death, but shall result independently of all other causes, within one year from the date of this insurance, in the irrecoverable loss of the sight of both eyes or in permanent paralysis, whereby the assured shall entirely lose the use of both hands or of both feet or of one hand and one foot, and is thereby rendered permanently unable to engage in any occupation for wages or profit, the Company will pay to him, upon the filing at the Company's home office of satisfactory proofs of the continuance of such blindness

or paralysis for fifty-two consecutive weeks, one-half the principal sum." And it is also further provided:

"H. Sickness indemnity. If bodily disease or illness shall wholly prevent the assured from performing the duties pertaining to his occupation for not less than one week, the Company will pay him the weekly indemnity for the period of disability during which he shall be necessarily confined to the house, but for not more than twenty-six consecutive weeks."

On the 12th day of November, 1905, the plaintiff was stricken with paralysis and was totally disabled for more than fifty-two consecutive weeks thereafter. Notice of such illness was given to the defendant two days after the stroke. Shortly afterward the defendant canceled the policy issued to the plaintiff, as of the date of its issue and returned the premium paid to him and wrote him that the policy had no force and that the plaintiff had no claim against the defendant and that the incident was closed so far as the company was concerned, and later on refused to issue blanks for the filing of proof of loss, upon the ground that it would do no good to file any proofs and that the company would have nothing whatever to do with it. Subsequently, however, proofs of loss were made and filed with the company, in which the plaintiff claimed the right to recover six hundred and fifty dollars for twenty-six weeks of disability under clause "H" of the policy. On the 4th day of September, 1906, this action was begun by the service of the summons upon the defendant but the complaint was not served until the 21st day of April, 1908, and it set forth a cause of action under clause "G" of the policy which we have already quoted. The defendant answered admitting the issuing to the plaintiff of the policy, but denied that it had knowledge or information sufficient to form a belief as to the disability, and denied generally the other allegations of the complaint, and alleged false representations, breach of warranty and full payment.

Upon the trial the defendant's attorney asked the court to hold that no recovery could be had by the plaintiff under clause "G" of the policy and that the trial should be confined to his claim for twenty-five dollars a week for twenty-six weeks, amounting to six hundred and fifty dollars. This the court refused and the trial proceeded upon the claim for one-half of the principal sum under the paralysis clause, to wit, the sum of two thousand five hundred dollars. At the conclusion of the plaintiff's evidence the defendant again moved for a direction of a verdict as to that cause of action, and again at the conclusion of the evidence of both parties the motion was renewed on the specific ground that, at the time of the commencement of the action no liability on the part of the defendant had accrued. These motions were denied and exceptions were taken. The issues raised with reference to the alleged false representations, breach of warranty, full payment, etc., were submitted to the jury and they were all found in favor of the plaintiff and these findings have been unanimously affirmed by the Appellate Division.

In reviewing the exceptions, to which allusion has been made, it becomes necessary to construe clause "G" of the policy. It will be observed that in permanent paralysis the assured must lose the use of at least one hand and one foot, and be thereby rendered permanently unable to engage in any occupation for wages or profit, and in such case the company will pay to him, upon his filing at the company's home office satisfactory proof of the continuance of such paralysis for fifty-two consecutive weeks, one-half the principal sum. It is apparent, therefore, that the paralysis resulting in the loss of the use of a hand and foot must exist for fifty-two consecutive weeks, otherwise there could be no recovery for any amount whatever, and no claim would accrue or exist until the expiration of the fifty-two weeks. The stroke of paralysis, as we have seen, occurred on the 12th day

of November, 1905. Fifty-two weeks from that date would make it November 12th, 1906. This action was commenced on the 4th day of September, 1906, more than two months before the expiration of the year. It was, therefore, not only prematurely brought, but it was brought before any claim existed under this clause of the policy upon which a cause of action could be based, and in actions at law the rights of parties must be determined as of the time of the commencement of the action. (*Wisner* v. *Ocumpaugh,* 71 N. Y. 113; *Prouty* v. *L. S. & M. S. R. R. Co.,* 85 N. Y. 272, 276, and *Dean* v. *Metr. Elevated Ry. Co.,* 119 N. Y. 540, 545.) This case is, therefore, distinguishable from those cases in which a claim exists upon a contract, promissory note, bond, or for goods sold and delivered where the action is brought after the claim existed, but before it became due and payable. In such cases the action would be merely prematurely brought. We, therefore, are of the opinion that in this case the existence of the plaintiff's claim was put in issue by the general denial in the answer. It consequently follows that the plaintiff was not entitled to recover upon this branch of the case.

We think the court erred in refusing the defendant's motion to confine the trial of the case to the plaintiff's claim for weekly allowance under clause "H" of the policy. It is true that the complaint demands judgment for the two thousand five hundred dollars, but the fact that the plaintiff demands more than he is entitled to does not impair the complaint. After setting forth in the third paragraph of the complaint the claim under clause "G," for which he demands two thousand five hundred dollars, he proceeds in paragraph fourth to further allege sickness and bodily diseases and total paralysis, by which he was disabled from engaging in any occupation for wages or profit, and was confined to his bed for a period of twenty weeks and to the house for an additional period of twenty-eight weeks, making forty-eight weeks in all.

This allegation was not under clause " G " of the policy, for it does not allege that the disability continued for fifty-two consecutive weeks.  It was not, therefore, good as an allegation under that clause, but it is a good allegation under clause " H " of the policy.  Paragraph five of the complaint follows, alleging notice of proof of the disability and compliance in all respects with the rules and regulations of the defendant company and the conditions of the policy.  All of the facts bearing upon this cause of action alleged in the complaint are identical with those embraced in the other claim which was submitted to the jury and passed upon by it.  It would seem, therefore, that a new trial is unnecessary unless the plaintiff so elects.  It appears to be undisputed that the defendant returned to the plaintiff sixty dollars, the amount of the premium paid by him; this amount deducted from six hundred and fifty dollars would leave five hundred and ninety dollars.

The judgment should be reversed and a new trial ordered, with costs to abide the event, unless the plaintiff, within twenty days, stipulates to reduce the judgment to the sum of five hundred and ninety dollars with interest thereon from the time that it became due and payable, to wit, twenty-six weeks after the date of the stroke of paralysis occurring on the 12th day of November, 1905; if the stipulation is given, the judgment should be modified accordingly, and as so modified affirmed, without costs of this appeal to either party.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment accordingly.