(76 Misc. Rep. 563.)

REISER v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Term, Second Department.  May, 1912.)

1. ELECTRICITY (§ 11*)—DUTY TO SUPPLY CURRENT—ACTION FOR PENALTY—WRITTEN DEMAND.

   In an action to recover a penalty, imposed by Transportation Corporations Law (Consol. Laws 1909, c. 63) § 62, for an electric company's failure to supply current for lighting purposes, plaintiff must prove a written application to defendant to furnish electricity to his premises.

   [Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

2. ELECTRICITY (§ 11*) — CURRENT — FAILURE TO FURNISH—PENALTIES—SEPARATE CAUSES OF ACTION.

   In an action to recover a penalty against an electric company for failure to furnish current, each day's default after the first 10 days subsequent to written demand for current is complete in itself, and the consequences of default do not add to or detract from the cause of action.

   [Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

3. ELECTRICITY (§ 11*)—CURRENT—FAILURE TO FURNISH—ACTION FOR PENALTY.

   In an action to recover a penalty for an electric company's failure to furnish current under Transportation Corporations Law (Consol. Laws 1909, c. 63) § 62, allowing 10 days to install connections after demand, defendant's liability does not arise until the expiration of the 10 days after demand, so that plaintiff's right to recover is limited to the amount which accrued subsequent thereto and prior to the commencement of the action.

   [Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Benny Reiser against the Edison Electric Illuminating Company of Brooklyn. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

See, also, 147 App. Div. 908, 131 N. Y. Supp. 1140.

Argued before KELLY, JAYCOX, and CLARK, JJ.

Parker, Hatch & Sheehan (Samuel F. Moran, on the brief), for appellant.

Nathan D. Shapiro, for respondent.

JAYCOX, J. The action is to recover for penalties which plaintiff claims accrued to him by reason of the defendant's failure or refusal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to furnish electricity for lights. The supply of electricity was discontinued February 6, 1911. The action was begun by the issuance of the summons February 17, 1911, issue was joined March 6, 1911, and the action was first tried May 22, 1911. The complaint then claimed penalties amounting to $150, and also asked judgment for a deposit of $40. As a result of that trial plaintiff had judgment for the $40 deposit, and recovered nothing for the penalties sued for. This judgment was subsequently set aside by the Municipal Court, and in the order setting aside said judgment plaintiff was permitted to amend his complaint, so as to demand judgment for penalties amounting to $500, the full amount of the court's jurisdiction, and for this amount plaintiff has judgment.

The statute under which plaintiff proceeds (Transp. Corp. Law [Laws 1909, art. 7, c. 219] § 62) provides as follows:

"Upon the application in writing of the owner or occupant of any building or premises within one hundred feet of any main laid down by any gas light corporation or the wires of any electric light corporation, and payment by him of all money due from him to the corporation, the corporation shall supply gas or electric light as may be required for lighting such buildings or premises * * * and if for the space of ten days after such application and the deposit of a reasonable sum as provided in the next section, if required, the corporation shall refuse or neglect to supply gas or electric light as required, such corporation shall forfeit and pay to the applicant the sum of ten dollars and the further sum of five dollars for every day thereafter during which such refusal or neglect shall continue."

[1] The appellant contends that the plaintiff did not prove that the plaintiff had made application in writing. This was essential in order to permit a recovery. Shelley v. Westchester Lighting Co., 119 App. Div. 61, 103 N. Y. Supp. 951. The proof shows that the defendant, or plaintiff at defendant's request, produced an application, dated May 6, 1910, for electric service at 122 Greenpoint avenue. The plaintiff's premises are 122 Greenpoint avenue. The plaintiff denied that he signed the application. It was then marked as an exhibit for identification. Plaintiff then read in evidence a paragraph from defendant's answer, which reads as follows:

"That on or about May 6, 1910, application was made to defendant to furnish electric current for use at premises 122 Greenpoint avenue, borough of Brooklyn, city of New York; that such application was in writing, signed 'Benny Reiser'; that defendant furnished electric current to said premises 122 Greenpoint avenue until on or about the 6th day of February, 1911."

This was all plaintiff's proof as to an application in writing. Defendant's proof showed that the application produced was the only application ever made to the defendant for those premises. Defendant put the application in evidence. Defendant's clerk testified that he did not see plaintiff sign the application. The plaintiff failed to prove that he had made application in writing, as required by the statute. The portion of the answer offered merely shows that an application in writing, signed "Benny Reiser," had been made to defendant; but it does not allege that the plaintiff signed that application, and the plaintiff denies that he signed it. The result is that the plaintiff proves conclusively that the only application the defendant has is not the

plaintiff's. The portion of the answer offered in evidence does fix the identity of the signer of the application as the plaintiff. It is true that in another part of the answer defendant alleges upon information and belief that plaintiff signed this application and another one. Plaintiff did not read this allegation in evidence, and as a pleading it is no admission against defendant, because connected with this fact other facts were pleaded which constituted a complete defense, so it was merely a declaration or admission subject to explanation. Young v. Katz, 22 App. Div. 542–546, 48 N. Y. Supp. 187; Whitney v. Town of Ticonderoga, 53 Hun, 214, 6 N. Y. Supp. 844, affirmed 127 N. Y. 40, 27 N. E. 403; Shrady v. Shrady, 42 App. Div. 9, 58 N. Y. Supp. 546; Gildersleeve v. Landon, 73 N. Y. 609; Goodyear v. De La Vergne, 10 Hun, 537; De Waltoff v. Third Avenue R. R. Co., 75 App. Div. 351, 78 N. Y. Supp. 132. In any event the plaintiff should have been limited in his recovery to the amount which accrued prior to the commencement of the action.

Counsel for plaintiff, in the discussion of the question, seems to entirely misapprehend the nature of the penalty. He discusses it all the time as a question of damage. Damage has nothing to do with the question. Plaintiff may not have been damaged at all, and still, if he shows the violation of the statute by the defendant, be entitled to recover a penalty. If an action for damage can be found in which plaintiff has sued for one injury inflicted prior to the commencement of the action, and has been allowed to recover in addition for other injuries inflicted after the commencement of the action, then an analogy to plaintiff's claim will be found in an action for damages. In this kind of an action the cause of action does not arise until the statute is violated. At the commencement of an action for a penalty, the same as any other action, the cause of action must be complete. In an action for damages, where recovery is had for damages accruing after the commencement of the action, the wrongful act which gives the right of action is complete before the action is begun; but its consequences continue, and it is for those consequences damages are allowed.

[2] In this action each day's default is complete in itself, and the consequences of default do not add to or detract from the cause of action. While this exact question has not been presented before, I imagine because no one has before endeavored to recover for penalties accruing after the commencement, analogous questions have been decided. In Jones v. Rochester Gas & Electric Co., 168 N. Y. 65, 60 N. E. 1044, this very statute was under consideration. Jones had brought suits and recovered penalties, and he brought the suit in question to recover penalties for time which elapsed between the commencement of the first action and the resumption of service by the defendant. The court held he could not recover. In that case the court held that the bringing of the action fixed and limited the plaintiff's right to recover, and he could recover no more until he again set the statute in operation by application in writing. The same rule applies to an action for a continuing trespass. Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661. In

this action it was held that damages could not be recovered in an action for damages for any act of trespass occurring after the commencement of the action. This rule has been followed in numerous cases.. Kenyon v. N. Y. C. & H. R. R. R. Co., 29 App. Div. 80, 51 N. Y. Supp. 386; Van Veghten v. Hudson River Power Transmission Co., 103 App. Div. 130, 92 N. Y. Supp. 956; Ahrens v. City of Rochester, 97 App. Div. 480, 483, 90 N. Y. Supp. 744; Silsby Mfg. Co. v. State of New York, 104 N. Y. 569, 11 N. E. 264.

[3] In all actions at law the rights of the parties must be determined as of the time of the commencement of the action. Miles v. Casualty Co. of America, 203 N. Y. 453–458, 96 N. E. 744; Dean v. Metropolitan E. R. Co., 119 N. Y. 540–545, 23 N. E. 1054; Wisner v. Ocumpaugh, 71 N. Y. 113–117. The defendant, as I read the statute, is not liable for a penalty until there has been a neglect or refusal to furnish gas or electricity "for a space of ten days after such application." In other words the defendant would not be liable for any penalty until its neglect or refusal had continued 10 days. I think this is the reason for the penalty of $10. It is contrary to general experience to inflict the most severe penalty for the first violation. It is a fair assumption that that penalty was intended as a punishment for the violation of the statute during the first 10 days. This view of the statute is supported by Hoch v. Brooklyn Borough Gas Co., 117 App. Div. 882, 103 N. Y. Supp. 370. This being a penal statute, it should be strictly construed. Henry v. Babcock & Wilson Co., 125 App. Div. 538, 109 N. Y. Supp. 853.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

KELLY and CLARK, JJ., concur.