### NEW ENGLAND TELEGRAPH CO. v. NEIGER et ux.

(Supreme Court, Appellate Division, Third Department.   May 5, 1915.)

EMINENT DOMAIN ⊕⇒236 — ERRONEOUS MEASURE OF COMPENSATION—RESUBMISSION TO COMMISSIONERS—EFFECT.

On a resubmission to condemnation commissioners, who had adopted an erroneous measure of compensation, to "reconsider the matters heretofore submitted to them and make and file a new report with all convenient speed," a determination de novo was contemplated, and it was error to again pass upon the matter without hearing new evidence.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 602; Dec. Dig. ⊕⇒236.]

Appeal from Special Term, Sullivan County.

Condemnation proceedings by the New England Telegraph Company against William A. Neiger and wife. From an order confirming the report of commissioners to ascertain compensation to be made to defendants for the property condemned, defendants appeal. Order reversed, and report set aside, with directions.

Argued before SMITH, P. J., and KELLOGG, LYON, and WOODWARD, JJ.

Ellsworth Baker, of Hurleyville, for appellants.

John D. Lyons, of Monticello, for respondent.

LYON, J.   The sole question to be determined in this proceeding, which was instituted under the General Condemnation Law, is the compensation which should be awarded the defendants on account of the perpetual right to erect and maintain 34 telegraph poles within the public highway along the southerly boundary of defendants' farm, together with the right to construct and maintain an anchor, to which shall be attached a guy wire leading to one of said poles. The defendants interposed no denial to the allegations of the petition that the public use required the condemnation of said rights, and that the plaintiff was entitled to hold and use the same for the public use upon making compensation therefor. By order granted September 15, 1906, the court appointed three commissioners to ascertain and appraise the compensation to be made to the defendants therefor. By report of date April 4, 1911, the commissioners awarded the defendants $350. Upon

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

application of the defendants to confirm said report the court, by order of July 29, 1911, rejected the same, and directed that said commissioners "reconsider the matters heretofore submitted to them and make and file a new report with all convenient speed." Thereupon said commissioners reconvened in August, 1912, at which time the plaintiff objected to the commissioners opening the proceedings and taking any further testimony in the case, upon the ground that the order did not authorize them so to do, but directed that the matters be reconsidered upon the testimony and proofs theretofore submitted. The defendants also objected to the commissioners filing another report, except as the same was based upon new and additional testimony, and that the court had no power to order a different report to be filed upon the testimony already taken. The defendants offered to introduce new testimony bearing upon the merits of the question as to the compensation which should be made. The commissioners, however, held that the report was rejected and sent back to them for the reason that the defendants were entitled, under the evidence presented to the commissioners, to nominal damages only, and that the commissioners had no power to open the case and take further proofs. The commissioners thereupon refused to open the proceedings for the submission of further testimony, and decided that the defendants were entitled, under the evidence submitted to the commissioners, to nominal damages only, which the commissioners fixed at $1 per pole. Upon a report to such effect being rendered, the plaintiff moved for an order confirming said second report. The court in granting the motion by order of April 5, 1913, stated in its order that it did so desiring that the whole question be taken up by the Appellate Division. From said order this appeal was thereupon taken by the defendants.

We think the commissioners misapprehended the intent and effect of the order of July, 1911, rejecting the report of April 4, 1911, and directing the commissioners to reconsider the matters theretofore submitted to them, and to make and file a new report. The plaintiff assumed, upon the hearings before the commissioners, that the proper compensation to be allowed to defendants was the difference in value between the farm of defendants prior to, and subsequent to, the construction of the telegraph line. This was not the proper measure of damages. Blashfield v. Telephone Co., 147 N. Y. 520, 42 N. E. 2; Comesky v. Postal Telegraph Cable Co., 41 App. Div. 245, 58 N. Y. Supp. 467. The plaintiff in his brief before us says:

"Excluding the testimony of witnesses for the defendants as to the value of the farm with the telegraph line on the highway in front of it, and what the value of the farm would be without such telegraph line on the highway in front of it, there is no evidence left in behalf of the defendants showing any damage whatsoever, and hence this, too, leads to the conclusion that only nominal damages should be awarded."

The evident purpose of the order of July 29, 1911, was that the matter of the compensation to be awarded to the defendants should be taken up by the commissioners de novo, to the end that the determination, whatever it should be, might be upon the merits supported by proper evidence.

The order appealed from should therefore be reversed, and the second report set aside also, and the matter of such compensation taken up de novo under the order of September 15, 1906, by said commissioners, who are stated by both parties to be satisfactory, with costs of this appeal to the appellant to abide the event.    All concur.

---

KEILEY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.    May 5, 1915.)

NEGLIGENCE ☞136—INJURY TO CHILD—CONTRIBUTORY NEGLIGENCE OF MOTHER—QUESTION FOR JURY.

Evidence in action for the killing of a boy, 3½ years old, by a train on a siding, crossing the street 75 feet from his home, *held* to make the question of contributory negligence of his mother, in letting him go out to play with a little girl, one for the jury, and not of law.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ☞136.]

Howard and Woodward, JJ., dissenting.

Appeal from Trial Term, Montgomery County.