(June 6, 1938.)

FRED FISHER, Appellant, v. LONG ISLAND LIGHTING COMPANY, Respondent.

Lazansky, P. J., Adel and Close, JJ., concur; Hagarty, J., dissents and votes for reversal and a new trial, with opinion; Carswell, J., concurs with Hagarty, J.

HAGARTY, J. (dissenting). In this action the plaintiff, a resident of Bellmore, Nassau county, seeks to recover the sum of $831.68 from the defendant, a public service corporation organized under the Transportation Corporations Law, under the three separate causes of action alleged in his complaint. The *first* involves the sum of $490, claimed as a penalty under the Transportation Corporations Law by reason of the defendant's failure and refusal to furnish electric current to the plaintiff at his home between the 26th day of March and the 2d day of July, 1936, inclusive; the *second*, the sum of $181.68, which plaintiff paid to the defendant on the 22d day of June, 1936, under protest, being the amount of a bill rendered to the plaintiff by the defendant for unmetered current claimed to have accrued prior to the 26th day of March, 1936, that amount having been estimated by the defendant pursuant to the terms of the contract entered into by and between the parties on the 11th day of September, 1929, at the time the defendant's service was initiated; the *third*, the sum of $160, representing the damage which the plaintiff claims to have sustained by reason of the fact that he was deprived of the use of his property for a period of ninety-seven days, during which the defendant refused to provide him with electric current.

On the 26th day of March, 1936, the defendant summarily, and concededly without any advance notice to the plaintiff of its intention so to do, discontinued the electric current to plaintiff's home, occupied by himself and family, under the claim that the plaintiff had so tampered with the meter that the current used was not registering. The house was rendered uninhabitable for a period of ninety-seven days.

The Transportation Corporations Law, section 12, provides: " Upon written application of the owner  *  *  *, it [the corporation] shall supply gas or electricity as may be required  *  *  *; and if for the space of ten days after such application,  *  *  *, the corporation shall refuse or neglect to supply gas or electric light as required, such corporation shall forfeit and pay to the applicant the sum of ten dollars, and the further sum of five dollars for every day thereafter during which such refusal or neglect shall continue." Section 15 of the same law, in effect at the time of the transaction here involved, provided that if any person supplied with gas or electric light shall neglect or refuse to pay the remuneration therefor, the service may be discontinued. The section concluded with the following sentence: " But the supply of gas or electric light shall not be discontinued *for any cause* until and after a five-day written notice, either personally or by registered mail, has been given to such person."

The court charged the jury, without exception or further request to charge by the defendant, as follows: " I now charge you that the statute prohibits the dis-

connecting of service without giving a five-day notice to the consumer. There is, however, no penalty provided by statute to the lighting company if they do that. I charged you and I now charge that if they do shut off the supply of electric light without giving notice required by statute that they subject themselves to any damage which the user of the light might sustain by reason of their failure to give this five-day notice. That is, notice of five days is deemed sufficient notice to allow the consumer to pay his bill, *or stop whatever he was doing that was wrong and still have his lights continue.* That is evidently the purpose of the statute. If the company chooses to ignore that statute and shuts off without giving the five-day written notice, then if the consumer suffers damage by reason of that failure, the lighting company must be held to such damage as he has suffered."

The charge was correct with the exception of that part thereof wherein the court charged that the defendant by discontinuing the service without giving the five days' notice did not incur the penalty provided by statute, as to which an exception was noted on behalf of the plaintiff. This court has held that the statutory penalties are incurred upon the discontinuance of service without notice. (*Hoch* v. *Brooklyn Borough Gas Co.*, 117 App. Div. 882.) It was there written: " The statute contemplates a continuance of the supply after it has been begun, and the payment of the daily penalty for any interruption thereof by the defendant amounting to a neglect or refusal to supply gas (*Meiers* v. *Metropolitan Gas Light Co.*, 11 Daly, 119)."

Since the defendant specifically admits that it discontinued the service without notice, and proved on the trial that it did so on the report of two of its inspectors, the verdict of the jury in the first and third causes, at least, was contrary to the charge of the court and contrary to the Transportation Corporations Law (§§ 12 and 15, *supra*). The defendant's inspectors might or might not have been right in their conclusion at the time that the plaintiff had tampered with the meter, but it was to save consumers from the dire consequences of hasty and summary action on the part of the defendant, based on a wrong determination, that the law was passed.

My opinion is that it was the purpose of the statute to charge the defendant with responsibilities and liabilities in the event that it discontinued service for any cause before the expiration of five days' notice of intention to discontinue. In other words, it was sought to place restraint upon public service corporations and to discourage summary and arbitrary discontinuance of service. It was intended that a consumer should have an opportunity to protect his rights before the drastic remedy of discontinuance could be exercised by the corporation. Whether or not the plaintiff in fact tampered with the meter was a contested issue on the trial, which, in my opinion, was not clearly presented to the jury in the charge nor was its relevancy explained.

I dissent and vote for reversal of the judgment and a new trial. The factual questions to be determined are the damages, if any, sustained by the plaintiff by reason of the discontinuance of the service in violation of the statute, and whether or not the meter failed to register the current supplied by reason of the plaintiff's tampering with the meter, or otherwise, and, if so, the value of the current so supplied over the period.

Carswell, J., concurs.