B & R LUNCHEONETTE INC., Respondent, *v.* FAIRMONT THEATRE CORP., Appellant.

First Department, April 10, 1951.

*Thomas Bress* of counsel (*Archie Weltman* with him on the brief; *Leopold Friedman,* attorney), for appellant.

*Sidney J. Loeb* of counsel (*Alfred Sobol* with him on the brief and attorney), for respondent.

*Per Curiam.* The plaintiff is the lessee of store premises and brings this action at law against the defendant owner of the adjoining property to recover damages for an alleged trespass and nuisance. The plaintiff conducts a luncheonette and ice cream parlor in the demised premises and intended to use the rear yard as a summer garden. The plaintiff, however, has been deprived of the use and enjoyment of this portion of the premises by reason of the defendant's wrongful interference in causing a spray to fall on the yard area from a cooling tower on the roof of the defendant's theatre. The trespass or wrongful act of the defendant is temporary in character, but continuing in nature. Accordingly, the plaintiff's recovery is limited to damages accruing prior to the time of commencement of the action. Instead, the trial court erroneously awarded damages to the date of trial. The plaintiff cannot recover prospective damages based on the theory that the trespass will continue. The recovery for damages sustained subsequent to suit must be sought in another action (see *Dietzel* v. *City of New York,* 218 N. Y. 270; *Pappenheim* v. *Metropolitan Elevated Ry. Co.,* 128 N. Y. 436; *Uline* v. *New York Central & Hudson Riv. R. R. Co.,* 101 N. Y. 98; *Ewanski* v. *Solvay Process Co.,* 227 App. Div. 597; *Senglaup* v. *Acker Process Co.,* 121 App. Div. 49; *Mott* v. *Lewis,* 52 App. Div. 558; *Comesky* v. *Postal Telegraph-Cable Co.,* 41 App. Div. 245, and *Kenyon* v. *New York Central & Hudson Riv. R. R. Co.,* 29 App. Div. 80).

In the circumstances of this case, we think that the trial court was correct in adopting the difference in rental value as the measure of the plaintiff's damages. We find, however, that the diminution in rental value should have been fixed at $50 per month for the sixteen months from the beginning of the plaintiff's leasehold term to the time of commencement of suit.

The judgment appealed from should be modified accordingly so as to reduce the plaintiff's recovery to the sum of $800 and, as so modified, affirmed, without costs.

GLENNON, J. P., DORE, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously modified so as to reduce the plaintiff's recovery to the sum of $800 and, as so modified, affirmed, without costs. Settle order on notice. [See *post*, p. 808.]