■ EXIE MACEY, Appellant, v NEW YORK STATE ELECTRIC AND GAS CORP. et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered March 19, 1980 in Clinton County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action. The plaintiff and her husband, James Macey, resided in the Town of Plattsburgh, New York. The husband was a residential customer of defendant New York State Electric and Gas Corp. (NYSEG). On April 14, 1978, NYSEG terminated the electric power to their residence and an adjacent welding shop operated by the husband. The termination resulted from a search of the residence, pursuant to a search warrant, which allegedly revealed that the electric equipment in the house was set up to divert electricity from the meter and thereby avoid payment of the proper amount due for the power consumed. Power was not restored to the residence until May 10, 1978. On April 9, 1979, the instant action was commenced seeking damages because of defendant's termination and refusal to restore power to the residence. The complaint attempts to allege eight causes of action based on negligence, prima facie tort, intentional infliction of emotional distress, violation of section 12 of the Transportation Corporations Law, violation of section 65 of the Public Service Law, violation of plaintiff's civil rights (US Code, tit 42, § 1983), and intentional intrusion into private affairs. Specifically, plaintiff alleges, *inter alia,* that NYSEG refused to restore the power until she rewired the house, deposited $500 and legally separated from her husband. Defendants moved pursuant to CPLR 3211 (subd [a], pars 1, 2, 7) for judgment dismissing the complaint. Defendants also requested that the motion be treated as one for summary judgment pursuant to CPLR 3211 (subd [c]). Both plaintiff and defendants submitted affidavits on the motion. Special Term granted defendants' motion to dismiss the complaint finding that the causes of action pleaded were legally insufficient. This appeal ensued. Initially, we note that the record indicates that the court did not convert the motion to one for summary judgment, but rather dismissed the complaint for insufficiency. Consequently, the court applied an improper standard in relying on plaintiff's failure to controvert certain allegations made in defendants' affidavits. Such a standard does not apply on a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) unless it is converted, upon adequate notice to the parties, to a motion for summary judgment *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 635, 636). However, such affidavits may be freely used to preserve inartfully pleaded, but potentially meritorious, claims (p 635). We are, therefore, concerned with the propriety of Special Term's dismissal of the complaint *in toto.* By statute, pleadings are to be liberally construed and defects ignored if a substantial right of a party is not prejudiced (CPLR 3026). It is also well established

that a pleading will not be dismissed merely because it is inartistically drawn *(Foley v D'Agostino,* 21 AD2d 60, 65). If any cause of action can be made out, the complaint must be sustained *(Guggenheimer v Ginzburg,* 43 NY2d 268; *Heram Holding Corp. v City of Albany,* 33 AD2d 1086). For convenience, we will first consider the second and third causes of action for intentional infliction of severe emotional distress and prima facie tort. Considering these causes of action in light of the above-established principles of law, we are of the view that plaintiff has a cause of action for intentional infliction of severe emotional distress. She has alleged that NYSEG refused to restore power until she, among other things, agreed to post a $500 deposit and legally separate from her husband. We emphasize that we are not here concerned with whether plaintiff can establish such facts on trial but only whether she has any cause of action. If it is established at trial that defendant refused to restore power to plaintiff until she legally separated from her husband, such a condition would be against public policy and would constitute outrageous conduct, entitling plaintiff to recover for any severe emotional distress resulting therefrom *(Fisher v Maloney,* 43 NY2d 553, 557)'. With regard to the cause of action for prima facie tort, it has been held that whenever there is an intentional infliction of economic damage, without excuse or justification, a cause of action will be recognized *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 406). Considering the allegations in plaintiff's complaint in light of the rule of liberal construction of pleadings, we are of the view that Special Term improperly dismissed plaintiff's second cause of action for prima facie tort. We conclude that neither the second nor third cause of action should be dismissed pursuant to CPLR 3211 (subd [a], pars 1 or 2). We now pass to the remaining six causes of action. In order to sustain the first, fourth and fifth causes of action based on negligence, violation of section 12 of the Transportation Corporations Law and violation of section 65 of the Public Service Law, there must first be established a duty owed by defendant NYSEG to plaintiff. Pursuant to section 12 of the Transportation Corporations Law, the duty of defendants to supply electricity arises when a written application is made (see *McMullin v New York Power & Light Corp.,* 249 App Div 695; *Shelley v Westchester Light. Co.,* 119 App Div 61). Neither in her complaint nor in her affidavit does plaintiff allege the submission by her of any written application. Consequently, no duty on the part of defendant NYSEG is alleged and these three causes of action were properly dismissed. The final three causes of action must also fail for insufficiency. The allegations in the seventh cause of action based on a violation of Federal law (US Code, tit 42, § 1983) fail to include facts showing a nexus between the challenged actions and the State. The furnishing of utility services is neither a State function nor a municipal duty. Upon examination of the entire complaint, we conclude that plaintiff has no cause of action for intentional intrusion into private affairs or for a violation of the Public Service Commission's deposit regulations and, therefore, the sixth and eighth causes of action were properly dismissed. Order modified, on the law, by reversing so much thereof as dismissed plaintiff's second and third causes of action; defendant's motion as to these causes of action denied, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Casey, JJ., concur.