■ ALASDAIR McMULLAN et al., Respondents, v HRH CON-STRUCTION, LLC, et al., Appellants, et al., Defendants. [831 NYS2d 147]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 9, 2006, which granted plaintiffs' motion for a preliminary injunction enjoining defendants from entering onto the subject premises and bringing onto or leaving thereon equipment, materials or debris, and fixed plaintiffs' undertaking in the amount of $100,000, unanimously affirmed, with costs.

The facts found by Supreme Court, which have support in the record and are based in part on admissions by defendants, show that plaintiffs are likely to succeed on their causes of action for trespass and private nuisance (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]; *cf. Gellman v Seawane Golf & Country Club, Inc.*, 24 AD3d 415 [2005]; *B & R Luncheonette Inc. v Fairmont Theatre Corp.*, 278 App Div 133 [1951]), and otherwise provide ample basis for the preliminary injunction. We emphasize, as did Supreme Court, that defendants utterly failed to justify their entry onto the backyard of the subject premises in connection with their construction work on the adjacent property, and repeated interference with plaintiffs' use and enjoyment of the premises by, inter alia, leaving thereon construction materials and debris, removing fences, obstructing an exit from plaintiffs' apartment and bolting closed the fire exit, for which they were issued a violation by the Department of Buildings, and causing damage to plaintiffs' apartment itself as well as the backyard. Indeed, on the record before it, Supreme Court properly commented that "defendants' cavalier attitude and disregard of plaintiffs' rights . . . [gave] additional weight to plaintiffs' showing of the need for the injunction." In this regard, we note that defendants' claim— which was and is central to their opposition to the motion—that plaintiff McMullan's lease does not include the backyard garden area borders on the frivolous. Even if it is not frivolous, it is as devoid of merit as defendants' claim of Supreme Court's "unquestioned bias" and "inherent bias" against it.

Defendants' argument raised for the first time on appeal, that plaintiffs' motion for a preliminary injunction should have been denied because of defendants' right to bring a special proceeding under RPAPL 881 for the issuance of a license to enter adjoining property, can only be construed as a request to convert the motion for an injunction into an RPAPL 881 proceeding. This we decline to do. In any event, defendants' utter failure to show facts making the entry necessary would require denial of any such RPAPL application (*cf. Mindel v Phoenix Owners Corp.*, 210 AD2d 167 [1994], *lv denied* 85 NY2d 811 [1995] [affirming conversion of motion for preliminary injunction into RPAPL 881 special proceeding where defendant gave early notice of seeking relief thereunder, presented all evidence that would be adduced in such proceeding, and substantiated need to enter plaintiffs' properties]). Moreover, a license may be granted pursuant to RPAPL 881 "in an appropriate case upon such terms as justice requires." Defendants' assertion on this appeal that they are "entitle[d]" to a license under RPAPL is risible. We have considered defendants' other arguments, including the adequacy of the undertaking, and find them unavailing. Concur— Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.